Mason v. Kennedy.

MASON v. KENNEDY *et al.*, *Appellants*.

1. **Schools**: FORMATION OF NEW DISTRICT, NOTICE OF: SECTION 7023.
Where a new school district is petitioned for by the requisite
number of petitioners, as provided by Revised Statutes, section
7023, it is only required that three notices of the same be put up in
each of the districts to be affected by the change.

2. ———: CHANGE OF BOUNDARY OF DISTRICT: SECTION 7031. Under
Revised Statutes, section 7031, no petition is required in order to
change the boundary line of a school district, but the change may
be made at the annual meeting without petition therefor; but in
such case it is required that five notices of the desired change be
posted in each district to be affected thereby, twenty days previous
to the date of the annual meeting.

3. ———: SECTION 7023: NOTICE. Revised Statutes, section 7023, in
so far as notices for changing the boundary lines of any school dis-
trict are concerned, was not affected by the amendment made to
section 7031, by the act of 1881 (Laws, p. 199).

4. ———: CHANGE OF BOUNDARY OF DISTRICT: NOTICE, REQUIREMENTS OF.
Notices of a proposed change of the boundaries of a school dis-
trict, or the creation of a new district, need only describe the
territory to be detached from the particular district in which they
are put up. It is not necessary that they should describe the entire
territorial boundaries of the new district. And the notices are

Mason v. Kennedy.

sufficient when signed by the clerk of the district in which they are put up.

*Appeal from Knox Circuit Court.*—HON. BEN. E. TURNER, Judge.

REVERSED.

*L. F. Cottey* and *O. D. Jones* for appellants.

(1) The petition does not state facts sufficient to constitute a cause of action. (2) Injunction is not the remedy. If there is an office and the directors wrongfully claim to exercise its duties, neither injunction nor mandamus is the remedy. *Hunter v. Chandler*, 45 Mo. 452. Plaintiff says the "tax is illegal" and should be restrained, and proposes to beg the question "of title to office." *State ex rel. Jackson v. Auditor*, 36 Mo. 70. Or if it is tried it is simply as a side issue or collateral matter to the proceeding. *Winston v. Auditor*, 35 Mo. 146. Plaintiff is put on the equity of his case, and it is not enough that the court that rendered the judgment had no jurisdiction. *Moss v. Craft*, 10 Mo. 720; *Phillips v. Samuel*, 76 Mo. 658. And he shall be held to release all errors in the proceedings sought to be enjoined. Sec. 2709. And bars a writ of error. *Chouteau v. Gonsolis*, 1 Mo. 715; *Price v. Johnson Co.*, 15 Mo. 433; *Spalding v. Conway*, 51 Mo. 50. The petition does not make a case that comes within the provisions of the doctrine of the late cases of this court in regard to illegal taxes. *Rubey v. Shain*, 54 Mo. 207; *Overall v. Ruenzi*, 67 Mo. 203; *Raney v. Bader*, 67 Mo. 476. The petition, to make a case, must make one to restrain a judgment and proceeding at law; must show (*a*) that plaintiff had a good and meritorious defence at time of trial; (*b*) that he was prevented from making it by the fraud of the other party or other unavoidable mishap. *Duncan v. Gibson*, 45 Mo. 352; *Davis v. Staples*, 45 Mo.

557. Equity looks at the pith and substance of the matter, rather than the formalities in which it is clothed. *Pomeroy v. Benton*, 57 Mo. 531. They could not run the district in debt if they were directors ; much less if they were usurpers. *Owen v. Ford*, 49 Mo. 436. (3) The decision of the school commissioner on the matter is final. He is made a judicial officer for that purpose. R. S., sec. 7023.

*McQuoid & Clancey* for respondent.

(1) Injunction is the proper remedy to restrain the levy and collection of an illegal tax sought to be levied on and collected from real estate. *McPike v. Pen*, 51 Mo. 63; *Leslie v. St. Louis*, 47 Mo. 474 ; *Fowler v. St. Joseph*, 37 Mo. 228 ; *Lockwood v. St. Louis*, 24 Mo. 20 ; *Seibert v. Botts*, 57 Mo. 430 ; High on Injunctions, secs. 354, 801. (2) Said levy was illegal and, therefore, injunction was the proper remedy. A new school district can only be formed in the manner prescribed by law. The law requires that notice of the proposed change shall be posted in at least five places in each district affected by the change. Laws 1881, page 199, amending section 7031. The notices must be given by the directors. They cannot be signed merely by the clerk. R. S., secs. 7042, 7048, 7067. There could be no legality attached to the proceedings to form a new district, in the absence of legal notices. *Cunningham v. Railroad*, 61 Mo. 33. (3) Section 7023 requires three notices, while section 7031, as amended by the act of 1881 (Laws, p. 199), requires five. If there is conflict between the two sections, the last expression of the legislative will should prevail. *State ex rel. v. Heidorn*, 74 Mo. 410 ; Sedgwick on Stat. and Con. Law, 415, 416. (4) The decision of the commissioner is not final upon jurisdictional facts. The mere fact that the statute says the decision shall be final does not by any means destroy the appellate jurisdiction

or the superintending control of the circuit court.  Mo.
Const., article 6, secs. 22, 23 ; *Snoddy v. County of
Pettis*, 45 Mo. 361 ; Dillon on Municipal Corporations,.
sec. 368.

NORTON, J.—This is a proceeding to enjoin and re-
strain defendants, as school directors, from certifying
and levying a school tax on the real estate of plaintiff.
The circuit court decreed a perpetual injunction as
prayed for in the petition, from which defendants have
appealed.

The tax enjoined was levied by defendants as
school directors of a new district formed out of parts of
school districts numbered one, two, three and four, in
which all of township 61, range 11 west, in Knox county,
had been divided or laid off.

The lawful existence of the new district is challenged.
in the petition on these grounds :  First, that only three
notices of the proposed formation of the new district
were put up in each of the districts to be affected ;
second, that said notices did not describe the entire
boundary lines of the new district ; third, that there
were not thirty scholars within the school ages in said
district.  It was admitted on the trial that the last
objection mentioned was not well taken.  It was also
admitted as follows :  That only three papers purport-
ing to be notices were put up in each district twenty
days prior to the annual school meeting at which the
proposition to form a new district was submitted ; also
admitted that these notices did not describe by metes
and bounds the territory of the proposed new district.
But they did describe the territory to be taken from
each school district, but the entire metes and bounds
were thus described in each of the petitions presented
to each of the school boards asking that the proposition
to form a district be submitted to a vote.  And by agree-
ment of parties that the notices did not describe the

whole territory of the new district, not the metes and bounds thereof, but they only described the territory to be taken from each of the old districts. The notices in each district only described the lands to be taken from the district in which they were posted. It is also admitted that at the annual meeting three of the school districts voted for and one against the formation of the new district, and upon the matter being referred to the county commissioner, he decided in favor of creating the new district.

The first question presented by the above state of facts is: Does the law, when a new school district is petitioned for by the requisite number of petitioners, only require three notices to be put up in each of the districts to be affected thereby? The section of the statute relating to the subject is as follows: "Section 7023. Whenever it may be deemed necessary to form a new district composed of portions of two or more districts, or to change the boundary lines of any district, it shall be the duty of the directors of the districts affected, upon the reception of a petition desiring such change, and signed by ten qualified voters' residing in either of the districts affected, to post a notice of such desired change in at least three public places in each district interested, twenty days prior to the time of the annual meeting; and the voters, when assembled, shall decide such question by majority vote. If the assent to such formation be given by all the annual meetings of the various districts thus voting, the district shall be deemed formed or the boundary lines thus changed from that date. But if a part of the districts affected vote in favor of and a part against such change, the matter shall be referred to the county commissioner for final decision, who shall proceed to inform himself as to the necessity of the proposed change, and his decision thereon shall be final, and shall be transmitted to the various district clerks and by them be entered on the records of the various

district clerks * * *, provided that no new district shall be thus created or boundary line changed by which any district shall be formed containing within its limits, less than thirty pupils by enumeration."

This section answers the question in the affirmative, and its requirement is met by three notices. It is, however, claimed that section 7031, Revised Statutes, as amended in 1881, works a change in this respect, and requires five notices. Section 7031 relates to the general powers that may be exercised at the annual meeting of school districts, among which they are authorized "to decide in favor of or against any proposed change of boundaries, notice of such change having been posted in at least five public places in each district affected thereby twenty days previous to the date of holding the annual meeting." Whatever of seeming conflict exists in these sections, it is our duty to reconcile, if practicable.

It will be observed that it is made, by section 7023, a condition precedent either to the creation of a new district out of portions of two or more districts, or to change the boundary of any district, that a petition therefor, signed by ten qualified voters residing in any of the districts affected, must be presented to the directors, upon the reception of which they are required to put three notices of the desired change in each district. But it will also be observed that, under section 7031, no petition is required in order to change the boundary of a district, but that such change may be made at the annual meeting, even though not petitioned for, if it appear that five notices of such desired change have been posted as therein set forth. In other words, by section 7023, no new district can be formed out of the territory of organized districts, nor can the boundary of any district be changed, except upon petition as therein provided, presented to the directors of each district to be affected, and except upon three notices put up in each district as therein provided; whereas, under sec-

Mason v. Kennedy.

tion 7031, the boundary of a district may be changed at the annual meeting without any petition being first made for that purpose, as required by section 7023, provided five notices of such change of boundary have been put up in as many public places in each district, twenty days previous to the annual meeting.

By section 7023 the petition for the creation of a new district, or for changing the boundary of any district, must first be presented to the directors of each district from which territory is proposed to be taken in its formation. As the directors in each district are thus notified by the petition of what is wanted, the legislators, in view of this, doubtless concluded that three notices in each district would suffice; when, however, they, by section 7031, authorized the change of the boundary of a district to be voted upon at an annual meeting, without any petition having been presented for that purpose, they provided for putting up five notices instead of three, as required by section 7023. Section 7023, in so far as notices for changing the boundary lines of any district are concerned, was not affected by reason of any amendment made to section 7031, in 1881, for the latter section in that respect was left just as it was in the act of 1874, which enacted both sections 7023 and 7031.

It is also objected that the notices which were given were not legal because each of them did not describe the entire territorial boundaries of the new district, but only the territory to be detached from the particular district in which they were put up. The record before us shows that the petition presented to the directors of each school district set out specifically the territorial limits of the proposed new district, and specifically described the land to be detached from each district, and that three notices were put up in each district twenty days before the annual meeting, a copy of one of which is here inserted as follows:

"ANNUAL SCHOOL MEETING.

"Notice is hereby given to the qualified voters of district number 3, township number 6, range number 11, county of Knox, state of Missouri, that the annual school meeting, of said district will be held on Tuesday, the fourth of April, 1882, commencing at two o'clock, P. M., and among other things specified by the law the following will be proposed and considered :

"A proposition or petition, signed by ten qualified voters of districts numbered one, two, three and four, to form a new school district in said township, composed of portions of districts numbered one, two, three and four in said township, by taking from district number 3, the northeast quarter and the east half of the southeast quarter, and the northwest fourth of the southeast quarter of section number 21, and east half of northeast quarter of section number 28 ; all in township 61, range 11 west, in Knox county, Missouri.

"SAMUEL CHEATUM, District Clerk.
"GEO. A. PROSSER,
"E. W. IMBLER,
              "Directors."

By this notice the voters were informed of the proposition to be voted on, the petition on which the proceeding was had and in the hands of the directors being referred, and the portion of territory to be taken from their district to be put into the new district, being distinctly set forth. The important thing for the voter in each district to know was, how his district was to be affected by the creation of the new district, and what particular territory his district would lose in the creation of the new one. Of all this the notices in question fully informed him. The notices put up in one of the districts was signed by the clerk of the district. It is made his duty, among other things, to "make copies of election, * * * notices, * * * certificates and all

other papers relating to the business of the district, and securely keep the same (section 7067), and to post notices required to be given the qualified voters of all special meetings." Section 7070.

For the reasons given the judgment will be reversed and the cause remanded, to be proceeded with in conformity with this opinion. All concur.