STATE ex rel. SCHOOL DISTRICT NO. 1, Respondent, v.
R. B. DENNY et al., Appellants.

St. Louis Court of Appeals, May 13, 1902.

1. **School Districts: CHANGE OF BOUNDARY LINE.** Under the
provisions of section 9742, in changing the boundary lines between
two established school districts, one district shall not encroach
upon the other simply for the acquisition of territory.

2. ———: ———: **BOARD OF ARBITRATORS, DUTY OF.** It is
made the duty of the board of arbitrators, formed under the pro-
visions of section 9742, Revised Statutes, "to consider the necessity
for a change in the boundary line of two school districts, and
render a decision thereon, which decision shall be final."

3. ———: ———: ———: **JUDGMENT OF BOARD OF ARBITRA-
TORS.** But where it does not appear from the proceedings of a
board of arbitrators appointed under the provisions of sec-
tion 9742, Revised Statutes, that the arbitrators ever met to con-
sider the appeal, that any hearing was ever had, that they consid-
ered the necessity for the proposed change of boundary lines between
two school districts, or that they decided that the change was
necessary, there is no valid judgment changing the boundaries of
the districts, and the action of the board is void.

Appeal from St. Louis County Circuit Court.—*Hon. John W.
McElhinney,* Judge.

_AFFIRMED.

STATEMENT.

This proceeding originated between School District No. 1
and School District No. 4, township 45, range 3 east, St.
Louis county, for the purpose of changing the boundary lines
between the two districts.

Prior to the annual meeting in 1900, ten resident tax-

payers and voters of district No. 4 filed their petition with the clerks of district No. 1 and district No. 4, requesting each of them to post notices for the annual meeting, which notices contained a proposition to take from district No. 1 and add to district No. 4, lands described in the petition. The clerks of the respective districts posted the notices containing the proposition and an accurate description of the lands proposed to be taken from district No. 1 and attached to district No. 4. These notices were posted fifteen days before the annual school election in April, 1900. At the April election district No. 4 voted unanimously for the change in the boundary line as set out in the notices and district No. 1 voted against the change. Within the time required by law the directors of district No. 4 filed their appeal with R. B. Denny, superintendent of schools in St. Louis county, and with their appeal filed a copy of the petition theretofore filed with the clerk of district No. 4 and a copy of the notices. Mr. Denny, as such superintendent, summoned four unprejudiced taxpaying citizens of St. Louis county to act as a board of arbitrators.

The board of arbitrators on April 24, 1900, transmitted to the clerks of the district the following document:

"Mr. Albert Stosberg, Clerk District No. 4, Township 45, Range 3 east, Monarch, Mo.

"Dear Sir: We, the undersigned board of arbitrators, by virtue of authority vested in us by section 9742 of the school laws of the State of Missouri, do hereby declare the boundary lines between district No. 1, township 45, north range 3 east, and district No. 4, township 45, north, range 3 east, so changed as to take from district No. 1, township 45, north range 3 east, and add to district No. 4, township 45, north range 3 east, the following described tracts of land."

Here followed a description of the land taken from district No. 1 and added to district No. 4, signed, C. H. Evans, T. J. Quinn, J. B. Greensfelder, J. Will Andrae, R. B. Denny, chairman, board of arbitrators.

The lands described are the same lands described in the petition for the change of boundaries and in the notices to the voters.

Respondent sued out a writ of certiorari in the circuit court of St. Louis county directed to appellants and commanding them to bring up the records of the proceedings by which the change of boundaries were to be made.

The return to the writ is as follows:

"Now comes R. B. Denny for himself and the other respondents herein, and makes return to the writ of certiorari heretofore issued in the above entitled cause by the circuit court of St. Louis county, and says:

"That on the fifth day of April, 1900, within five days after the school election in April, 1900, the board of directors of School District No. 4, township 45, range 3 east, filed with him, as school superintendent, an appeal in the matter of changing the boundary line between School District No. 1, township 45, range 3 east, and School District No. 4, township 45, range 3 east, together with a notice put up fifteen days before the annual school election on April 3, 1900, as the law directs, which petition and notice are hereby attached as part of the record in said cause; that after the receipt of said petition he appointed four disinterested men, resident taxpayers of the county, to-wit:   C. H. Evans, T. J. Quinn, J. B. Greensfelder and J. Will Andrae, as a board of arbitration; that within fifteen days thereafter the said board of arbitration, together with relator, met in the office of the school superintendent, your relator, at the courthouse in the town of Clayton, to consider said appeal; that both School District No. 1, township 45, range 3 east, and School District No. 4, township 45, range 3 east, were notified of said meeting and then and there appeared both in person by their boards of directors and by attorneys, and then and there presented evidence as to the necessity of said change of boundary line,

Vol 94 app—36

and after fully considering the necessity of said change, said board of arbitration, together with your relator, determined that a change of boundary line between said districts was a necessity, and then and there entered the order hereto attached, and your relator, on the twenty-fourth day of April, 1900, mailed to each district interested a copy of the order making said change."

The exhibits referred to and filed with the return consist of the notices of change of boundaries, the petition for the change signed by the ten taxpayers, the petition by the board of directors of the school district for the appeal addressed to R. B. Denny, as superintendent of public schools, and the notice or finding of the arbitrators which had been transmitted to the respective clerks of the two districts.

Respondent filed the following motion to quash the return:

"Now comes the said relator and moves the court to quash the return of the respondents to the writ of certiorari herein and proceedings before the said respondents, R. B. Denny et al., as a board of arbitration in the proceedings herein for the reasons: That from the said return it appears that the said proceedings before said board of arbitrators were not conducted according to law; and because it appears from said return and the accompanying exhibits of the same that the said respondents, board of arbitrators, never acquired jurisdiction of the matters in which they assumed to act.

"And that the report of the finding of said board of arbitrators in the matters pending before them is not in accordance with the question or questions submitted to the qualified voters of the different school districts interested herein and respectively passed upon by them at their annual meetings as in said return set forth."

The court sustained the motion to quash the return and entered judgment for respondent setting aside the proceedings

of the arbitrators and the superintendent. After an unsuccessful motion for new trial, an appeal was perfected.

*R. H. Stevens* and *D. C. Taylor* for appellants.

(1) The same propositions contained in the notices to the annual meetings having been voted upon by the voters of both districts and district No. 1 having voted against the proposition and district No. 4 in favor of the proposition, upon appeal the superintendent of schools had jurisdiction to determine the necessity of the proposed change. Mason v. Kennedy, 89 Mo. 23; State ex rel. v. Burris, 84 Mo. App. 654; State ex rel. v. Burford, 82 Mo. App. 343; State ex rel. v. Gibson, 78 Mo. App. 170. (2) The superintendent and the board of arbitration having decided that the change in the boundary line between districts Nos. 1 and 4 should be made, their judgment is final and conclusive upon all parties and upon the courts. See authorities cited under Point I. (3) The superintendent of schools and the board of arbitration having acquired jurisdiction, the statute contemplates a mere informal investigation by them of the necessity of the proposed change, and does not require a record to be kept either by the superintendent of schools or the board of arbitration, not even a record of their decision, but on the contrary, they are required to transmit their decision to the clerks of the districts interested. R. S. 1899, sec. 9742; State ex rel. v. Gibson, 78 Mo. App. 175.

*Jno. R. Warfield* for respondent.

(1) It is claimed that the proceedings are void, because it appears that one district is encroaching upon the other "simply for the acquisition of territory," which the statute prohibits. (2) It does not appear from anything in the proceedings certified up by the commissioner upon what ground

of necessity he and his associates sustained the change in the boundary line. Since this was the only ground stated, presumably it was the ground relied upon. If so, the action of the board was in conflict with the statutory provision, and was erroneous, if not void. The acquisition of territory for purposes of additional revenue is the very purpose which is prohibited by the statute. (3) For the reason that there is no record showing that the board of arbitration considered the necessity for the proposed change, and based its decision upon such necessity, the decision is held to be without authority and void, and the proceedings should be quashed. State ex rel. v. Police Com'rs, 14 Mo. App. 297, 88 Mo. 144; State ex rel. v. Higgins, 71 Mo. App. 180; State ex rel. v. Mayor, etc., 57 Mo. App. 192; State ex rel. v. Heege, 37 Mo. App. 338.

BLAND, P. J.—I. The contention of respondent, at the trial and here, is that the proceedings are void: First, because it appears that one district is encroaching upon the other for the mere purpose of acquiring territory; and second, that the board of arbitrators failed to show by their proceedings that they considered the necessity of the change and failed to make any record of their proceedings. The last clause of the statute (section 9742, R. S. 1899) provides that in changing the boundary lines between two established districts, one district shall not encroach upon the other simply for the acquisition of territory. The learned circuit judge found that this proceeding was for the sole purpose of taking territory from district No. 1 and adding it to district No. 4, in order to increase the revenue of the latter district. The language of the petition addressed to the voters, praying for the change in boundaries, does not indicate any valid purpose for the change, nor does the document transmitted by the arbitrators to the clerks. The necessity for the change of boundaries is not set out or stated anywhere in any of the proceedings. In the

absence of any showing in this respect, considering the quality of territory transferred from district No. 1 to district No. 4, it is indicated that the purpose on the part of district No. 4 was to acquire additional territory for the purpose of increasing its revenue and warrants the conclusion arrived at by the learned trial judge.

II.  It is made the duty of the board of arbitrators formed under the provisions of section 9742, supra, "to consider the necessity for such change and render a decision thereon, which decision shall be final."   The statute requires the decision to be transmitted to the clerks of the district interested and it is made the duty of the clerks to enter the decision upon the records of their respective districts.   This is the only provision made by the statute for keeping a record of decisions of these boards of arbitrators and all that seems necessary. There is no requirement that the board of arbitrators or that the superintendent of schools should keep a record of the proceedings, nor do we see any necessity for such record.   The board of arbitrators in this case was properly constituted and had jurisdiction to hear and determine the matter submitted to them by the appeal.

The duty of the board was to consider the necessity for the proposed change and render a decision thereon, that is, to hear such evidence as might be submitted to it touching the necessity for the change and after comparing and considering the same in order to gain a knowledge of the necessity of the change, to render a decision thereon.   In what manner the board proceeded is not disclosed by anything they made a record of.

III.   The report made to the clerk of the board does not purport to be a decision of the question submitted to them by the appeal but is an arbitrary order declaring the boundaries of the districts changed.   The board of arbitration was a judicial tribunal.   The vote of district No. 4, in favor of the proposed change in the boundaries and that of district No. 1

opposed thereto, made an issue as to the necessity for the change. This issue was carried by the appeal before the board of arbitration for decision. The statute (section 9742, supra) made it the duty of the board to meet and to consider the necessity for the proposed change and to render a decision thereon. It could not consider without inquiry into the conditions and boundaries of the two districts to be effected by the proposed change, and it could not judicially decide without inquiry and consideration. It does not appear from the proceedings of the board of arbitration brought into court by the writ of certiorari that the arbitrators ever met to consider the appeal, that any hearing was had, that they considered the necessity for the proposed change of boundaries or that they decided that the change was necessary. It was as essential to a valid decision or judgment for the change of the boundaries· that the arbitrators should have found that the proposed change was necessary, as is the verdict of a jury on the issues in a suit at common law in a court of record. A judgment is defined to be "the conclusion of the law upon facts found." 1 Freeman on Judgments, sec. 2; Orvis v. Elliot, 65 Mo. App. 96. From this definition and from the nature of the subject, the facts to sustain the judgment must be found by the tribunal rendering the judgment. But there was no finding of any facts by the arbitrators nor was any fact adjudicated by them, hence, there is no valid judgment changing the boundaries of the districts. We do not hold that the finding of the board of arbitration should conform to any particular form, yet we think that it should somewhere and somehow appear from the proceedings that the arbitrators met and considered the matter submitted by the appeal and that they arrived at a decision. We conclude that the proceeding of the arbitrators is void upon its face and we affirm the judgment. *Barclay, J.,* and *Goode, J.,* concur in paragraph III of the opinion.