## D. H. STANTON, Appellant, v. ESTATE OF A. A. JOHNSON, Respondent.

**Kansas City Court of Appeals, April 29, 1912.**

**GUARDIAN: Sale of Personal Property: Guaranty: Rescission.** If, at a guardian's public sale of a pair of mules, he, for the purpose of inducing a purchaser to bid them in, guarantees they are sound when they are worthless from disease, the purchaser may, upon discovering the unsoundness, apply to the probate court for a return of the purchase money on his returning the mules.

Appeal from Buchanan Circuit Court.—*Hon. William D. Rusk*, Judge.

REVERSED AND REMANDED.

*Sterling P. Reynolds* for appellant.

*Ralph W. Grier* for respondent.

ELLISON, J.—The probate court of Buchanan county ordered the guardian of A. A. Johnson, an insane person, to sell two mules belonging to Johnson. The sale was made at public auction on the 15th of December, 1910, and while it was being cried by the actioneer the guardian, in response to plaintiff's inquiry, said he would guarantee that the mules were "sound in every particular." Plaintiff purchased them at a bid of $500, in reliance on such guaranty. Plaintiff then discovered one of them was not sound —that he was wind-broken. The guardian reported the sale on the 11th of January, 1911. Plaintiff then, on January 33rd, applied to the probate court, by a motion setting up these facts, for an order that the guardian "accept said mules in return and refund" the money paid.

The probate court refused the order and plaintiff appealed to the circuit court where the guardian, in effect, moved for judgment on the ground that the motion showed on its face that plaintiff was not entitled to relief. The circuit court sustained this motion, and plaintiff appealed to this court.

We have no briefs for the guardian. For the best of reasons, it is ordinarily true that a purchaser at a guardian or administration sale buys *caveat emptor.* But if the guardian or administrator should make a false representation at the time of the sale in affirmatively representing that he was selling a good title when he had none, it would be a good defense for the amount of the bid. [Black v. Walton, 32 Ark. 321.] In Rice v. Richardson, 3 Ala. 428, an administrator at the sale of a slave "artfully concealed his condition of health," which rendered him of no value, and it was held a good defense to a note for the purchase price. In Atwood v. Wright, 29 Ala. 346, an auctioneer conducting the sale for the administrator recklessly represented a slave to be sound, for the purpose of inducing a bidder to make the purchase. In an action

on a note for the purchase money, such representations, if untrue, were held to be a defense. In the case at bar, if the guardian represented the mules to be sound in every particular, as alleged, when he did not know whether they were or not, it was as much a fraud in law as if he had known they were not. In Ray v. Virgin, 12 Ill. 216, an administrator of an estate sold two horses at auction, when he represented they were sound except distemper. A bidder bought them and gave his note for the purchase price. It turned out that the horses were also afflicted with glanders and were worthless. It was held, in a suit on the note, that the false representation or warranty of soundness was a defense to the note. The administrator defended on the ground that the estate could not be charged with his unauthorized representation of soundness, and that the purchaser's remedy, if any, was against the administrator personally. That idea was rejected by the court, and this illustration given: "Let an administrator take a quantity of sawdust found on the estate of his intestate, and put it up in chests, marked as a genuine article of tea imported from China, throw it into the market and sell it at auction for tea, as a part of the assets in his hands, for ten thousand dollars, and take notes for the amount, could the administrator be allowed to collect those notes?" [See, also, Brandon v. Brown, 106 Ill. 519, and Woerner on Amer. Law of Guardianship, sec. 88, p. 290.]

We note the fact in those cases that the purchase money bid at the sale had not been paid into the hands of the administrator or guardian, while in this case it had. Those cases were resistance to paying the purchase price on credit, while this is asking a return of cash paid at the sale, on a return of the worthless mules. Since it seems to be the law that the estate is so far responsible for the false representations of the administrator or guardian as to prevent his enforcing the payment of money bid at his public sale, notwith-

standing his having delivered the property to the purchaser, we cannot see why such purchaser's equity to a return of the money, if applied for promptly upon a discovery of the misrepresentation, should not also be upheld, as in other cases for rescission.

The judgment will be reversed and the cause remanded. All concur.