STATE OF MISSOURI ex rel. SCHOOL DIST. NO. 4, Appellant, v. SCHOOL DISTRICT NO. 3, Respondent.

Kansas City Court of Appeals, April 29, 1912.

SCHOOL DISTRICTS: Arbitrators: Change of Boundary: Necessity: Judgment. In a proceeding before a board of arbitrators to change the boundary line between two school districts, as provided by section 10837, Revised Statutes 1909, the arbitrators must decide whether the change is found to be "necessary." If, therefore, their judgment does not show that they found a necessity, but does show that their judgment was based upon the finding that the change would benefit one district more than it would injure the other, the judgment is void.

Appeal from Grundy Circuit Court.—*Hon. G. W. Wanamaker*, Judge.

REVERSED AND REMANDED (*with directions*).

*Hall & Hall* for appellants.

*O. G. Bain & Son* for respondents.

ELLISON, J.—This is a *quo warranto* proceeding to test the validity of the change in the boundary line between two school districts, affecting an area of about seven hundred and twenty acres of land. The trial court found against relator, whereupon an appeal was taken to the Supreme Court, and that court transferred the case to this court.

It appears that the contending districts voted on the proposition for change of boundaries, the result being that the one to receive the increased area voted for it and the one to lose voted against it. That thereupon an appeal was taken to the county school superintendent and the latter selected four arbitrators, as provided by statute (Sec. 10837, R. S. 1909). These

arbitrators decided in favor of the change of boundary, and relator insists that the decision is void.

The statute just cited provides for a separate election in the districts to be affected, notices of which shall be given as therein directed; and that if the districts disagree on the proposition, the question shall then be submitted to a board of arbitrators composed of the school superintendent and four disinterested taxpaying residents of the county, to be selected by him. The statute further provides that the arbitrators "shall consider the necessity for such proposed change and render a decision thereon, which decision shall be final." And that if they decide for the change, "the decision in all cases shall conform to the proposition contained in the notices and voted upon" at the election. It is further provided that "in changing the boundary line between the two established districts, one district shall not encroach upon the other simply for the acquisition of territory."

The notice of, or petition for, an appeal, given to the superintendent, asked "that a board of arbitration be appointed to consider the necessity of such proposed change" of boundary. The appointment of each arbitrator by the superintendent recited that he was to "consider the necessity of such change and render a decision thereon;" and each of the notices to the respective districts notifying them of the appointment of arbitrators contained a like recital. The record further shows that the board met and heard statements in favor of and against the contention of each district. It is then recited in the record that the board "Believing that the change will improve school district No. 3 more than it will injure school district No. 4," decided in favor of the change of boundary, taking seven hundred and twenty acres (describing it) from district No. 4 and attaching it to district No. 3.

Now from what we have already said of the statute, it will be seen that two things are of vital impor-

tance: One is that the duty of the board was to consider the *"necessity"* for the proposed change, and *"render a decision* thereon;" the other is that a change of boundary shall not be made "simply for the acquisition of territory" by one district at the expense of the other.

In our opinion the judgment or finding of the board discloses that it did not consider and decide the necessity for a change, but confined its deliberation and finding to the question whether the change would benefit one district more than it would injure the other. In other words, "the acquisition of the territory" belonging to district No. 3, would benefit district No. 4, more than it would harm No. 3. It seems to us that the record not only fails to show that the board considered or decided the question of necessity, but on the contrary shows affirmatively that it did not. We think the decision of the St. Louis Court of Appeals, in State ex rel. v. Denny, 94 Mo. App. 559, 566, determines the case against the validity of the proceedings. It was said in that case that it was essential to a valid decision or judgment for a change of the boundaries, that the arbitrators should have found that the proposed change was necessary. If we should concede that had the decision of the board been silent as to reasons and had been merely in favor of the change of boundary, without stating it was necessary, it could be assumed the necessity was found to exist— that concession would not aid the judgment of the circuit court; for, here the record is not silent; the reason for the finding is set out as founded on the belief that it would benefit one more than it would injure the other. It is apparent that that finding could be true and yet no necessity whatever exist for the change.

We have been cited to the cases of State ex rel. v. Andrae, 216 Mo. 617, and State ex rel. v. Job, 205 Mo. 1, on the proposition that proceedings of this na-

ture are in many respects informal, and they do so decide. But they by no means dispense with the fundamental requirements of the statute. They require that there must be substantial compliance with the law. In the latter case it is said (p. 32) that, "If the record discloses that the board of arbitrators acquired jurisdiction to determine the questions of difference submitted to them (which in this case was the *necessity* for the change), and they have rendered a judgment upon such questions, . . . then the decision of the board of arbitrators upon the questions of differences submitted becomes conclusive."

We have already shown that no judgment was rendered in this case on the necessity for the change, and hence we reverse the judgment and remand the cause with directions that judgment be entered for relator. All concur.