The cause is transferred to the St. Louis Court of Appeals.

BARRETT and STOCKARD, CC., concur.

## PER CURIAM.

The foregoing opinion by BOHLING, C., is adopted as the opinion of the court.

EAGER and LEEDY, JJ., concur; STORCKMAN, J., concurs in result.

**REORGANIZED SCHOOL DISTRICT NO. R IV OF CARROLL COUNTY, Missouri, Appellant,**

v.

**Don WILLIAMS, County Clerk of Carroll County, Missouri, and Bedford Knipschild, Weking Beckemier, Orville Hawkins, Thomas White, William Lyon, William Wegeng, Directors of Norborne Public School R VIII of Carroll County, Missouri, Respondents.**

No. 22395.

Kansas City Court of Appeals.

Missouri.

April 2, 1956.

Dudley Thomas, Carrollton, Nolan M. Chapman, Don Chapman, Nolan M. Chapman, Jr., Chillicothe, for appellant.

W. A. Franken, John Franken and Ernest Troutman, Carrollton, for respondents.

DEW, Presiding Judge.

This action was brought by the plaintiff (otherwise known as the Bogard School District No. R IV of Carroll County, Missouri) to declare void an election to change its boundary lines by detaching a part of its territory and attaching the same to the Norborne Public School District R VIII of which the defendants are directors, and to enjoin the defendant directors from any of the acts related to such change of boundaries. The court, upon a trial of the cause, found the election valid, the subsequent proceedings proper, and denied the plaintiff's prayer for an injunction. Thereupon the plaintiff took this appeal.

For convenience, the appellant district will at times be referred to herein as the Bogard District, and the district of the respondents as the Norborne District.

The gist of the appellant's petition is that the election on the matter of the proposed boundary changes, at which a ma-

jority of the voters of the two districts voted in favor of the proposed changes, was invalid because of a failure to give proper notice of such desired change of boundaries to the voters, that the Board of Arbitrators did not find the change to be necessary, and that their decision and the proceedings show that the property is desired for the mere acquisition of territory. The joint answer of the defendant directors, in effect, denied the charge of failure to give the proper notice of the proposed change and other allegations of noncompliance with the statutes concerned, pleaded the various steps taken as in compliance with the statutory requirements and charged laches on appellant's part. The reply denied generally the new matter alleged in the answer.

At the trial the parties stipulated as to certain facts, and the court, in its findings, stated the substance of such stipulation, which statement we adopt and set forth as follows:

"(1)  That both districts were legally reorganized school districts.

"(2)  That defendant Don Williams is the legally qualified County Clerk of Carroll County, Missouri.

"(3)  That J. A. Burnside, now deceased, was at all times involved herein, the legally qualified and acting County Superintendent of Schools, Carroll County, Missouri.

"(4)  (a) That a Petition for change of boundaries (taking a part of Bogard District and transferring it to Norborne District) was filed with the Clerk of both districts.

"(b)  That a Notice of Election was duly posted in five public places in the Norborne District 15 days prior to the date of election.  That said notice was also duly and timely published in the Norborne Democrat Leader, a newspaper published at Norborne and in the Norborne District; that the Norborne Democrat Leader is the only newspaper published in the Norborne District, and that no newspaper is printed or published within the Bogard District.

"(c)  That at the election held April 6, 1954, the following votes were cast:

"In Bogard District:   24 votes for, 155 votes against
"In Norborne   "    : 252  "    "   46   "     "
                 Total : 276  "    "  201   "     "

"(d)  That within five days after said election an appeal to the County Superintendent of Schools, Carroll County, was duly filed by the Norborne District requesting appointment of a Board of Arbitrators.

"(e)  That said Superintendent appointed such a Board, consisting of Alvin Reimer, Alvin Kaiser, William Thate, and Charles Thomas.

"(f)  That said Board by its decision in writing and delivered to Plaintiff-District before the last of April, 1954, approved the change of boundaries.

"(g)  That the transferred area was adjacent to and adjoined the Norborne District".

It should be added that the parties further stipulated that the written decision of the Board of Arbitration was "as pleaded".  That decision, as pleaded in the answer of the respondents, was as follows:

"We, the Board of Arbitration, find, after considering the issues connected with the proposed change of boundaries of the Norborne Public School District R VIII of Carroll County, Missouri, and Reorganized School District R IV of Carroll County, Missouri, that such changes in boundaries of the respective districts be made by detaching from Reorganized School District R IV of Carroll County, Missouri, and adding to Norborne Public School District R VIII of Carroll

County, Missouri, the following lands located in Carroll County, Missouri.

"The East one-half (E½) of Sections Twenty-four (24), Twenty-five (25) and Thirty-six (36), all in Township Fifty-four (54), of Range Twenty-five (25), Carroll County, Missouri.

Alvin Reimer
Alvin Kaiser
William Thate
Charles Thomas".

The fact is not controverted that the "Notice of Election" posted in the Norborne District and published in the newspaper in the Norborne District made special mention of the proposed change in boundaries as among the particular matters to be proposed and considered at its annual election, and that a copy of the petition for such change was attached to each notice of the annual election posted in that district.

According to the testimony of Herman Daugherty, secretary of the appellant district, he signed five copies of an annual school election notice for his district, of which the following, Appellant's Exhibit 4, was one copy which had been posted:

"Annual School Election Notice
(Six-Director Districts)
"(This blank prepared in accordance with Section 160.090, RSMo 1949 [V.A.M.S.])

— days notice must be given: (Reporter's note—number of days torn off) (1) To increase tax rates as provided in Section 165.080 RSMo 1949 [V.A.M.S.]. (2) To vote for free textbooks, Section 170.200 RSMo 1949 [V.A.M.S.]. (3) To vote a loan for building purposes, Section 165.040 RSMo 1949 [V.A.M.S.]. (4) To change school district boundary lines, Section 165.170 RSMo 1949 [V.A.M.S.].

"In compliance with Section 165.330, Re-enacted Laws 1951, S.B. 92, [V.A.M.S.] notice is hereby given to the qualified voters of Bogard School

District No. R–4, County of Carroll, State of Missouri, that the Annual School Election of said District will be held at Bogard School on Tuesday, the 6th day of April, 1954, commencing at six o'clock a. m. and closing at seven o'clock p. m. and among other things specified by the law, the following will be proposed and considered:

"1. To elect two board members to serve a term of three years.

"2. To vote on a levy of 30¢ for incidental purposes.

"This 17th day of March, 1954.

_____
Secretary Board of Education".

Mr. Daugherty further testified that his signature had been attached to the foregoing exhibit, but had been obliterated by exposure to the elements. He also testified that he had received, together with the election notices above described, petitions to change school district boundaries (Respondents' Exh. 7) as follows:

"Petition To Change School
District Boundaries

"To the District Clerk, Herman Daugherty:

"We, the undersigned, qualified voters of Norborne Public School District R–VIII, County of Carroll, State of Missouri, desire the following changes in district boundary lines as follows: That the boundaries of the Reorganized School District RIV of Carroll County, Missouri, and of Norborne Public School, District RVIII of Carroll County, Missouri, be altered by detaching from Reorganized School District RIV and by adding to Norborne Public School District RVIII the following described lands located along the Western side of the said Reorganized School District RIV:

(Real Estate described)

and hereby petition you to post a notice of said desired change in at least Five (5) public places in each district in-

terested in or affected by such change Fifteen (15) days prior to the annual meeting.

"The purpose of this proposed change is to:

"1. To enable the resident voters of the described area to send their children of school age to the Norborne Public School District R8 as resident pupils.

"2. To provide better transportation facilities and easier accessibility to school and to have a school of greater curriculum for the students, particularly vocational agriculture, available to the students.

"3. Make the Norborne Public School District RVIII, as it is proposed to be extended connect with the lands located immediately North thereof which constitute the Pleasant Valley School District Number 36 of Carroll County, Missouri, so as to make it possible for the owners of lands presently in the Pleasant Valley School District Number 36 to annex to and become a part of the Norborne Public School District RVIII as has been indicated to be their desire, and to enable the children of school age residing in the said Pleasant Valley School District Number 36 to attend the Norborne Public School District RVIII."

The above contained twenty signatures.

According to the appellant's evidence five copies of the notice of its annual election (Ex. 4), prepared by Mr. Sugg, its Superintendent of Schools, were posted in five public places in its district fifteen days before the date of the annual election. Several members of appellant's board of directors testified and accounted for the posting of but three or four printed copies of the petition for change of boundaries (Ex. 7). However, the testimony of appellant's witness Daugherty, its secretary or clerk, on that point, was as follows:

"Q. I will hand you Plaintiff's Exhibit 4 and ask you if that is a copy of the Notice of the Annual School Election held on April 6, 1954, and if that is the notice that was signed by you? A. Yes, sir, it was.

"Q. And if you posted one of those notices within the confines of the Bogard School District? A. I did, sir.

"Q. Fifteen days before? A. Yes.

"Q. There has been no change in the notice? A. No.

"Q. Who prepared those notices? A. Mr. Sugg.

"Q. Now, it has been suggested here by Mr. Franken that someone from the Norborne School District left with you a notice of the election to be posted; is that true or untrue? A. I don't think they left me any. I don't recall that they left me any notices.

"Q. Did they show you a notice? A. They showed me a copy of one of their notices they were going to post.

"Q. In their own district? A. That is right.

"Q. They didn't leave any notices with you? A. I don't think so.

"Q. I will hand you Defendants' Exhibit 7 and ask you if that is what the Clerk left with you? A. Yes.

"Q. That was posted? A. That is right.

"Q. Now, all these notices—five of them—were signed by you at the time, of course, the weather has taken it off— A. Yes.

"Q. Otherwise, the notice is in the same condition as at the time it was signed by you and posted? A. Yes.

"The Court: I understand that Exhibits 5 and 7 were posted together?

"Mr. Chapman: 4 and 7?

"The Court: 4 and 7.

"Mr. Chapman: Yes. That is all."

Cross-Examination by Mr. John Franken:

"Q. Mr. Daugherty, I believe, if I understand you correctly, that this Exhibit No. 7, which has been identified as being a copy of a petition, was presented to you and furnished to you by the representatives of the Norborne School District; is that correct? A. Yes.

"Q. There were five of these or more? A. Yes.

"Q. Those notices—at least five of those were attached to this notice, Plaintiff's Exhibit 4—and posted in at least five public places within the Bogard and R–8? A. Yes.

"Q. More than fifteen days prior to the election of April 6, 1954? A. Yes, sir".

Section 165.170 RSMo 1949, V.A.M.S. provides that "When it is deemed necessary * * * to divide one district and attach the territory thereof to adjoining districts, or to change the boundary lines of two or more districts", the district clerk of each district affected shall, when he has received a petition desiring such change, signed by ten qualified voters residing in any district thereby affected, "post a notice of such desired change in at least five public places in each district interested fifteen days prior to the time of the annual meeting, or by notice for same length of time published in all the newspapers of the district; *and the voters, when assembled, shall decide such question* by a majority of those who vote upon such proposition". (Italics supplied.) It is further provided that if one or more of the districts affected vote in favor of the change and one or more vote against the same, the matter may be referred to the County Superintendent of Public Schools who, upon such appeal in writing, within five days after the annual meeting, shall appoint four disinterested men, residents of the county, who with himself, shall constitute a Board of Arbitration to consider the necessity for such proposed change and render a decision thereon, which decision shall be final. The statute further provides for the calling of a meeting of such Board of Arbitration within fifteen days after the annual school meeting where such deliberation shall be had and decision rendered. There are other provisions of the statute not here pertinent, but it further provides that in changing the boundary line between two established districts, one district shall not encroach upon the other simply for the acquisition of territory.

The time of the annual meeting of each school district was fixed by Section 165.330, as then in effect. That date was the first Tuesday of April of each year between the hours of 7:00 a. m. and 6:00 p. m., at a place to be designated by the Board. It is not questioned on this appeal that the annual meetings referred to were held in both districts, respectively, at the time, place and hour as required by statute.

The point is made here that the proposed change of boundaries was a matter for a special election; that the requirements for notice thereof are mandatory, jurisdictional and to be strictly construed; that the evidence shows that "No notice of the proposed change of boundaries was posted in appellant Bogard School District # 4".

■■ It is necessary to keep in mind the distinction between the "Notice of the election" (Appellant's Ex. 4) and "Notice of such desired change" in boundaries, (Ex. 7), of which latter Section 165.170 requires posted notice. A petition for such change, such as Exhibit 7, when properly prepared and delivered to the clerks of the districts affected, constitutes a proposal, proposition or subject matter of the existence of which notice is required by Section 165.170 to be posted in five public places in the district affected fifteen days before the date of the annual meeting. It is a matter which the voters "when assembled" at the annual meeting "shall decide". The mere notice in writing of the time and place of the statutory annual meeting of the district that may have been so posted (Ex. 4) is an entirely different instrument. Due to the special nature of a proposed

change of boundaries of a school district, whereby a part of one district is to be detached and to be attached to another, it is considered essential to the validity of the succeeding proceedings that the statutory notice of the desired change prior to the election fully inform the voters of the desired change and be posted within the time and at the public places as prescribed by the statute. School District No. 1 v. School District No. 4, 94 Mo. 612, 618, 7 S.W. 285; School District No. 4 v. Smith, 90 Mo.App. 215, 224; State ex rel. Moore v. Eden, 54 Mo.App. 31, 35. Generally, however, the statutes affecting the organization, functions and powers of school district organizations are to be liberally construed. State ex rel. Rose v. Job, 205 Mo. 1, 34, 103 S.W. 493; State ex inf. Carnahan ex rel. Webb v. Jones, 266 Mo. 191, 201, 181 S.W. 50; State ex rel. Fleener v. Consolidated District No. 1, Mo.App., 238 S. W. 819, 820.

■ We turn our attention first to the charge of the appellant that the evidence shows no notice was given in the appellant district of the desired change in boundaries. Appellant insists that the evidence accounts for only three posted copies of the petition. The appellant's secretary testified that five copies of the signed petitions for the proposed change of boundaries (Ex. 7) were delivered to him by the Norborne District officials, and that they were attached to five copies of the notice of the annual meeting of the appellant district signed by him and, as so attached, they were posted together in five public places in that district, fifteen days prior to the date of the annual meeting. In the Court's findings it quoted that part of the testimony of appellant's secretary hereinbefore quoted, and reached the conclusion therefrom, as we do, that there was substantial evidence of such posting of five such notices of the desired change of boundaries. We defer to the Court's finding in view of the conflict in the evidence on that point.

The question remains whether or not the manner of giving notice of the proposed change of boundaries by attaching the petitions therefor to the copies of the notice of the annual meeting that were posted, complied with the requirements of the statute as to notice. The petitions attached to the notices of the annual meeting were self-explanatory. They plainly set forth the desired change of boundaries, described the territory to be transferred, stated the reasons therefor, and requested the clerk of the appellant district to post notice of such desired change in five public places in its district fifteen days prior to its annual meeting. The statute, Sec. 165.170, specifically requires that when that is done, " * * * the voters, when assembled, shall decide such question by a majority vote of those who vote upon such proposition. If the assent to such change be given by the annual meetings of the various districts thus voting, * * * " etc.

The date and hours of the annual election were fixed by statute and were also set forth in the posted notices of the appellant's annual meeting attached. The place, to be designated by its Board, Sec. 165.330, was supplied by the notice of the meeting. In this case the fact that pending proposals to change district boundaries must be voted on at the annual meeting was likewise made known by the statute. The following was quoted with approval in State ex inf. Stipp ex rel. Stokes Mound School Dist. No. 7 v. Colliver, Mo., 243 S.W.2d 344, 351: "In 29 C.J.S., Elections, § 72, p. 96, it is said: 'However, failure to give the statutory notice will not of itself invalidate a special election if the time of holding the same is fixed by law, or where it appears that the electors were in fact informed of the time, place, and purpose of the election and generally voted for the candidates or upon the questions submitted; or where it appears that no different result was possible had all the voters participated in the election' ".

Referring to a similar situation the Supreme Court of Missouri said in State ex rel. Rose v. Job, supra, 205 Mo. at page 28, 103 S.W. at page 500: "The record in this cause discloses that the petitions submitted to the clerks were attached to the

notices required to be given by the clerk of the annual meeting, and in our opinion these notices thus given and posted by the clerks gave sufficient information to the voters of the school districts as to the propositions upon which they were called upon to vote. As was said in Mason v. Kennedy, 89 Mo. 23 [loc. cit. 30], 14 S.W. 514: 'The important thing for the voter in each district to know was: How his district was to be affected by the creation of the new district (or by change of boundary) and what particular territory his district would lose in the creation of the new one (or by changing said boundary line). Of all this the notices and petitions fully informed the voter, and this was sufficient' ".

■ We believe the trial court was correct in holding that legal notice had been given of the desired change of boundaries voted upon at the annual meeting of the appellant district April 6, 1954.

Appellant next contends that the court erred in denying the injunction because the decision of the Board of Arbitration, following the divided results of the election in the two districts affected, did not contain an express finding that the proposed change of boundaries was necessary. It is true that Section 165.170 makes it the duty of such Board when such a matter is referred to it, "to consider the necessity for such proposed change and render a decision thereon, which decision shall be final". The decision of the Board in the present case states that: "We, the Board of Arbitration, find, after considering the issues connected with the proposed change of boundaries * * *, that such changes in boundaries of the respective districts be made by detaching * * *" etc.

In State ex rel. Reorganized School District R–2 of Newton County v. Robinson, Mo.App., 276 S.W.2d 235, 236, the decision of the Board of Arbitration to which the matter of change of boundaries of school districts had been referred in a case similar to the one at bar, the pertinent part of the decision of the Board was that: " 'After careful consideration of the question of the matter of changing the boundary so that the district commonly known as Linwood * * * would be attached to the Fairview School District C–1 and detached from the Midway School District R–2, the board voted three for the change and one against the change' ". It was there contended that the record of the Board showed on its face that the Board acted without and in excess of its authority under Section 165.170 in that it considered the proposition of changing the boundaries but failed to consider the necessity for the change. The Springfield Court of Appeals held that such statement in the report " * * * neither establishes nor indicates that the board did not consider and determine the question of necessity and likewise neither impels nor justifies relator's conclusion that such judgment 'shows upon its face that the board acted without and in excess of its authority granted under the statute' "; that the case should be distinguished from those wherein the Board's report positively showed that the determination was made for reasons obviously other than necessity, as in State ex rel. School District No. 4 v. School District No. 3, 163 Mo.App. 253, 146 S.W. 816, 817, wherein the reason given for the determination by the Board was " * * * that the change will improve school district No. 3 more than it will injure school district No. 4"; that in the case then present the judgment was silent as to the reasons or considerations " * * * which motivated the board's determination of the ultimate issue". The court further ruled that in the absence of a showing to the contrary the presumption follows in favor of the regularity of the proceedings before such a tribunal.

The court in the Robinson case, supra, stated that "Our courts have frequently announced and heartily approved the salutary and time-honored principle that school laws will be construed liberally to aid in effectuating their beneficent purpose, and that, since the administration of school matters usually rests in the hands of plain, honest and well-meaning citizens, not learned in the law, substantial rather than technical compliance with statutory pro-

**134** ◼

visions and requirements will suffice. (citations.)"

Appellant asserts that the Robinson case, supra, rendered by the Springfield Court of Appeals is in conflict with State ex rel. School District No. 1 v. Denny, 94 Mo.App. 559, 72 S.W. 467, by the St. Louis Court of Appeals, and State ex rel. School District No. 4 v. School District No. 3, supra, by this court. In the Denny case the petition for the proposed change submitted no issues as to any valid purpose or reason for the change, nor did the document by which the Board transmitted its decision to the district clerks, nor was such issue stated anywhere in the proceedings. This, the court said, indicated that the purpose of detaching a part of one district to be added to the other was the mere acquisition of additional property and the ensuing taxes to be derived therefrom. The only record kept or required to be kept by the Board was its decision which, in that case, merely declared the change of boundaries. The court held the decision invalid for failure to determine the issue of necessity.

In State ex rel. School District No. 4 v. School District No. 3, supra, [163 Mo. App. 253, 146 S.W. 817] the Board of Arbitration merely recited in its report that the Board believed " 'that the change will improve school district No. 3 more than it will injure school district No. 4' ", and decided in favor of the proposed change of boundaries of the districts. This court distinguished such a statement from a report that was silent in respect to the reasons therefor and said: "It is apparent that that finding could be true, and yet no necessity whatever exist for the change". The court held that such was no judgment on the necessity for the change. We believe there is no conflict among the cases, as contended. In the instant case the petition for the change set forth in great detail the advantages and reasons submitted for the proposed change in boundaries and the appeal to the Board requested a determination " * * * of the issues as provided by law". The Board's decision approved the change after stating that its members

had " * * * considered the issues connected with the proposed change * *".

◼ Applying to the decision of the Board of Arbitration the presumption of regularity and the proper principles of liberality, we cannot say that the Board failed to consider the issue of necessity and failed to determine that issue by its approval. We believe the decision substantially complies with the statute, under all the circumstances shown. For the same reasons it cannot be held that respondent district was encroaching upon the appellant for the mere acquisition of territory.

The trial court, having held that the statutory requirements had been complied with as to election, notice, appeal to the Board of Arbitration and that Board's decision, ruled that it had no jurisdiction to review the merits of the controversy or to overturn the action taken, and denied the injunctive relief. We believe the action of the trial court was correct and its judgment should be affirmed. It is so ordered.

All concur.