BROWN and MOORE, Respondents, v. DURHAM, Appellant.

**St. Louis Court of Appeals, February 7, 1905.**

1. **ARBITRATION:** Award: Reconsideration. When arbitrators in pursuance of the submission have made, signed and delivered their award, their authority is at an end and they cannot reopen the case and make a fresh award without consent of both parties.

2. ———: ———: ———: Evidence. And evidence is inadmissible on a motion to confirm the award for the purpose of explaining the action of the arbitrators in reconsidering the first and making a second award.

Appeal from Wayne Circuit Court.—*Hon. Frank R. Dearing*, Judge.

AFFIRMED.

*S. R. Durham* for appellant.

(1)    Mere errors of law, or incorrect conclusions as to facts, do not of themselves constitute sufficient grounds for setting aside the award. But there must be proven misconduct of the arbitrators which is calculated to prejudice the rights of the party complaining. There must be not merely an error of judgment, but an intention to do wrong. Bennet v. Russell, 34 Mo. 524; Newman v. Labeaume, 9 Mo. 30. An award will not be set aside or vacated on motion because illegal evidence was admitted or there was an error of judgment. Vaughn v. Graham, 11 Mo. 575; Bridgman v. Bridgman, 23 Mo. 272. An arbitrator is not a competent witness to impeach his own award. Ellison v. Weathers, 78 Mo. 115. And the affidavits of the arbitrators filed herein by Brown and Moore cannot be considered in so far as they attempt to impeach their find-

Brown and Moore v. Durham.

ing. The rule is now well settled in this State that the courts will not receive the affidavits of jurymen to show mistakes or errors of the jurors in respect to the merits, or that they mistook the effect of their verdict, or intended something different. Watts v. Brain, Croke Eliz. 778; State ex rel. v. George Bros., — Mo. —. They ought not to be permitted to declare with a view to affect their verdict an intent different from that expressed in their finding. (2) The arbitrators are sole judges of the testimony submitted to them within the powers delegated to them by the submission, and if it appear that they acted within the terms of the submission, their award cannot be attacked on the ground that its conclusions are unjust. Hinkle v. Harris, 34 App. 223; Mitchell v. Curran, 1 App. 453; Ledlie v. Gamble, 35 Mo. App. 355; Allen v. Hickam, 156 Mo. 49. (3) The arbitrators have the right to open a case, even after they have drawn up their award, as long as it is not delivered. Sweaney v. Vaudry, 2 Mo. App. 352; Byars v. Thompson, 12 Leigh (Va.) 550. (4) The power of an arbitrator is not terminated by the delivery to the parties of an informal statement of their conclusions. Bodge v. Hull, 59 Mo. 225.

*James F. Green* for respondents.

When once an award is made the arbitrators have no more authority to make a second one on the same subject, without the consent of parties, than they would have had to make an award without any submission. Doke v. James, 4 N. Y. 568; Aldrich v. Jessamine, 8 N. H. 516; 11 Am. & Eng. Enc. of Law (N. S.), 698; Vaughn v. Graham, 11 Mo. 368; Bridgman v. Bridgman, 23 Mo. 272; Valley v. Railroad, 37 Mo. 445; Mitchell v. Curran, 1 Mo. App. 453.

BLAND, P. J.—There being matters of difference between E. W. Moore, R. A. Brown and Alexander

Dow, they, on March 31, 1903, entered into a written agreement to submit their differences to D. M. Clark, John Schiek and A. J. Durham, as arbitrators. The arbitrators qualified, set a time and place for the hearing, gave notice thereof to the parties, and on the day appointed both parties appeared before the arbitrators who, after hearing all the evidence, made the following award:

"We, the undersigned, arbitrators, having been duly selected to hear and determine all the issues and matters of dispute between R. A. Brown and E. W. Moore on one hand and Alexander Dow on the other, do hereby make report of our findings on said controversy.

"After taking the oath prescribed by law, viewing the premises, hearing the testimony and listening to the argument of counsel, we, after due deliberation, do hereby make report of our finding, after a full and fair accounting of all the matters of dispute between the parties and after allowing all just credits and set-offs, we find that Alexander Dow is indebted to R. A. Brown and E. W. Moore in the sum of two hundred and twenty-seven dollars ($227) and we find that the issues for them in that amount.

"We further find that the deed made by Alex. Dow and wife to R. A. Brown, dated October 29, 1898, was and is a warranty deed and that it was intended and accepted as such and further find that there was no intention at any time to hold said deed to be a mortgage or anything but a bona fide deed.

"Witness our hands this 5th day of April, 1903.

                    "D. M. CLARK,
                    "JOHN SCHIEK,
                    "A. J. DURHAM.

    "Attest:
        S. J. HAWKINS."

The arbitrators delivered the award to S. J. Hawkins, attorney for Brown and Moore. After this award was made and signed, but on the same day, the attorney for Dow filed before the arbitrators the following motion:

"In the matter of the arbitration between R. A. Brown and E. W. Moore on the one hand and Alex. Dow on the other.

"Now at this day comes Alex. Dow by his attorney, and moves the arbitrators to reconsider their decision in this case, for the following reasons, to-wit:

"Because there was evidence introduced contrary to the agreement of the parties to the controversy.

"Because the certified copies of deeds should not have been permitted to. have been introduced, as they were not competent nor relevant testimony in the case.

"Because the finding is erroneous, wrong, and ought not to stand.

"Because there is no evidence to support the finding.

"Because the finding should have been for Dow."

Without the case being resubmitted and without hearing any additional evidence, and in the absence of Moore and Brown and their attorney, the arbitrators reconsidered their finding and made the following other award:

"We, the undersigned arbitrators, having been duly selected and appointed to hear, try and determine all the issues, matters and things of dispute between R. A. Brown and E. W. Moore on the one hand, and Alex. Dow on the other, as fully and completely as the same are set forth in their articles of submission to arbitration, do hereby report our proceedings.

"After first having taken the oath prescribed by law, we gave notice to the parties herein, and of the time and place fixed for the hearing of said cause, and pursuant to said notice and by consent of both parties, both parties appearing before us, we proceeded to hear

the evidence, view the premises, hear the claims of each party and the argument of the counsel, and after due deliberation do hereby make report of our finding. . . .

"Upon reconsideration and after a full accounting of all differences and after allowing all just demands and set-offs, we find that Alex. Dow is entitled to recover of and from R. A. Brown and E. R. Moore the sum of nineteen hundred and fifty and 69-100 dollars, and we find the issues from him in that amount, and that Dow delivered to Brown and Moore a deed to the northeast quarter of section 16, township 30, range 1 east, the east half of the northwest quarter of section 14, township 30, range 1 east, and the north half of the northeast quarter of section 12, township 29, range 2 east.

"Witness our hands this fifteenth day of April, 1903.

> "D. M. CLARK,
> "A. J. DURHAM,
> "JOHN SCHIEK,
> > "Arbitrators.

"Attest:

> "GEORGE M. TURNER, Witness."

On the 16th day of April, 1901, Alex. Dow assigned the said award to the appellant and, on August 7, 1903, during the August term of the Wayne Circuit Court, he filed his motion in said court praying for a judgment of confirmation thereon.

The award in favor of Moore and Brown was also filed in the office of the clerk of the circuit court and, on the convening of court, a motion was filed for its confirmation. The court refused to confirm either award and overruled both motions. Durham appealed from the order overruling his motion to confirm the award made in Dow's favor. On the hearing of the motions to confirm, affidavits were read and some evidence was heard in favor of and against both awards

and for the purpose of explaining the action of the arbitrators in reconsidering the first and making a totally different award. These affidavits and this evidence were clearly inadmissible for the reason that as soon as the first award was made, signed and delivered by the arbitrators, their authority was at an end and they were not at liberty to reopen the case and make a fresh or new award without the consent of both parties. [2 Am. and Eng. Ency. of Law (2 Ed.), pp. 698-9; Pollard v. Lumpkin, 6 Gratt. (Va.) 398; Aldrich v. Jessiman, 8 N. H. 516.]

The judgment is affirmed. All concur.