STATE OF MISSOURI ex inf. RICHESON, etc., Plaintiff, v. CUMMINS et al., etc., Respondents.

**St. Louis Court of Appeals, June 19, 1905.**

**SCHOOL DISTRICTS: Arbitration: Award of Arbitrators.** The award of a board of arbitrators appointed by the county commissioner under the provisions of section 9742, Revised Statutes 1899, to determine an appeal in the attempted formation of a new school district, must be reduced to writing, signed by the members of the board and filed with the clerk of the proper district; otherwise there is no legal evidence of the formation of such new district and a quo warranto proceeding to oust the directors of such district will lie.

Original Proceeding.

OUSTER ORDERED.

*W. E. Fisse* for respondents.

BLAND, P. J.—Prior to April, 1905, School District No. 3, township 38, range 3 east, in Washington county, Missouri, was composed of the following territory: fractional sections 10, 11 and 12, and sections 13; and fractional sections 14 and 15, and section 16, all in township 38, range 3 east. At the annual April school election in 1905, held by the voters in said district, a proposition to divide said district and create a new one

to be known as District No. 4, township 38, range 3 east, out of the following territory, fractional sections 1, 2, 12, 14 and 16, and all of section 13, in said township 38, range 3 east, was voted upon. Forty-two votes were cast in favor of the proposition and fifty-six votes against it. The majority of the votes cast at the election being against the proposition, an appeal was taken to the county school commissioner, John W. Houston, who, in pursuance of the statute in such case made and provided, selected Richard Adams, Burwell Fox, G. G. Patton and Andrew McCluer as arbitrators to form, with himself, a board of arbitration to hear and determine said appeal. The board met in due time. The parties in interest appeared before it, and, it is alleged in the return to the writ of quo warranto, the arbitrators heard the appeal and decided the same in favor of the proposed division, and notified the clerk of the district of their action. Thereafter, and within the time prescribed by the statute, the respondents were duly selected as directors of the new district and entered upon the discharge of their duties as such. The prosecuting attorney of Washington county sued out of this court a writ of quo warranto to oust the respondents from their office. The petition for the writ attacks the legality and sufficiency of the organization or incorporation of the new district on several grounds. We deem it unnecessary to notice more than one of such grounds. It is alleged that the board of arbitrators failed to make any award. If the board did make an award it failed to reduce it to writing and sign it, and the county school commissioner has not transmitted any award to the clerks of the school districts, as required by section 9742, Revised Statutes 1899. What seems to have been intended by him as a notification of the action of the board of arbitrators, if it did act, was the following unofficial letter addressed to Fred Tebo, who was and is clerk of District No. 3. The letter is as follows:

"Irondale, Mo., April 19, 1905.

"Mr. Fred Tebo, Cadet, Mo.

"Dear Sir: The board of arbitrators which I appointed to hear and determine the question of division of your district, decided in favor of the petitioners. Notify the county clerk of said division.

"Respectfully,

"J. W. HOUSTON."

Section 9742, supra, requires the board of arbitrators to render a decision and requires the county school commissioner to transmit the decision to the clerk of the district divided, and the clerk is required to enter the decision upon the records of the district.

In School District No. 35 v. Hodgin, 180 Mo. 1. c. 79, 79 S. W. 148, the court, in respect to the formation of new districts, on appeal to the county school commissioner, said:

"The only evidence of the formation and creation of a new school district in this State, when it has been done, as in the case of plaintiff district, out of parts of two or more old contiguous districts, by the action of the county school commissioner and the board of arbitration called to his assistance, is that a decision to so form the new district is made and determined, and thereafter the commissioner, on or before the last day of the following April of that year, transmits the decision to the clerks of the various school districts interested or affected by the formation of the new district, and that said clerks enter the same upon the records of their respective districts. This may be thought a rather vague and uncertain evidence of the corporate existence of so important a public body as a school district, but the statute has not provided or required anything more definite and formal by way of an announcement of its formation and creation, or as a record evidence of its right to continued existence as a corporation, and as such the citizens and the courts must recognize it, until its life and au-

thority have been assailed and overthrown by the State in a direct proceeding by quo warranto, to accomplish that purpose."

In State ex rel. v. Denny, 94 Mo. App. l. c. 566, we held that it should somewhere and somehow appear from the proceedings of the board of arbitration that it met and considered the matter submitted by the appeal to it and that it arrived at a decision. "An award is a judgment formed and pronounced." [Hoff v. Taylor, 5 N. J. Law 829.] And the section of the statute (9742) under which the board of arbitration was called into existence, plainly requires the judgment to be reduced to writing and signed by the members of the board of arbitration. This judgment of the board of arbitration creating a new district, when filed with the clerk of the proper district or districts, constitutes the charter of the new district and the sole evidence of its corporate existence. Nothing of the kind was done in respect to the formation of District No. 4; therefore, it is without a charter, without any legal evidence whatever of incorporation. Wherefore it is considered by the court that the respondents be and they are hereby ousted of their office of directors of School District No. 4, township 38, range 3 east, and said district is declared to be without legal formation and is prohibited from exercising the functions of a public school district. All concur.