STATE ex rel. SCHOOL DISTRICT No. 18, TOWN-
SHIP 51, RANGE 34, PLATTE COUNTY, MIS-
SOURI, Plaintiff in Error, v. J. F. SEXTON,
School Commissioner, et al., Defendants in Error.

**Kansas City Court of Appeals, November 21, 1910.**

1. **CERTIORARI: Writ of: Review of Record.** A writ of certiorari
brings up nothing for review but the record of the tribunal to
which it is directed and evidence taken in the proceeding can-
not be considered, though it be included in the return.

2. **SCHOOL DISTRICTS: Change of Boundaries.** By a proposed
change of boundaries between two school districts, a thousand
acres would be taken from one and added to the other. Pursuant
to the provisions of section 10837, R. S. 1909, a petition was filed,
notice posted and a vote taken, resulting in one district favor-
ing the change and the other opposing it. An appeal was taken
to the county school commissioner who thereupon appointed a
board of arbitration. This board decided in favor of the change.
This decision is attacked for insufficiency in that it nowhere
appears in the award that the arbitrators "are disinterested
men and resident taxpayers" of the county. *Held*, that the re-
quirements of law appear on the face of the record to have
been substantially met. In school matters, where proceedings
are conducted by plain men, unlearned in the law, it would be
absurd and most unjust to require technical exactness.

Appeal from Platte Circuit Court.—*Hon. Alonzo D.
Burnes,* Judge.

AFFIRMED.

*John W. Coots* for plaintiff in error.

(1) The certificate or award of the board of ar-
bitrators is the sole and only record of the proceed-
ings of the board, and the court will exclude from con-
sideration all other papers attached to and made a
part of the return of respondents, for the reason that
they form no part of the record. An award of arbi-

tration is a judgment. School Dist. v. Hodgin, 180 Mo. 148; School Dist. v. Pace, 113 Mo. App. 134; State ex inf. v. Cummins, 114 Mo. App. 93; Sec. 9742, R. S. 1899. (2) The award or judgment of the arbitrators is void upon its face, and shows that said board was not legally constituted, and had no jurisdiction to hear said alleged appeal. It nowhere appears in the award that the said arbitrators are "disinterested men and resident taxpayers" of Platte county, and this fact cannot be shown by any other paper or exhibit filed in the case, as they constitute no part of the record, and to permit any such evidence in support of the award would be to form an issue foreign to the objects to be attained by certiorari. School Dist. v. Pace, 113 Mo. App. 134; Railroad v. State Board Eq., 64 Mo. 303; State ex rel. v. Smith, 173 Mo. 414; State ex rel. v. Woodson, 161 Mo. 452; State ex rel. v. Cauthorn, 40 Mo. App. 94; State ex rel. v. Wilson, 99 Mo. App. 675; Railroad v. Young, 96 Mo. 39; State ex rel. v. County Court, 66 Mo. App. 96. (3) The certificate, or award, of the arbitrators being the whole and only record in this case, wholly fails to show jurisdiction, and it is fundamental that however informal the proceedings of an inferior tribunal may be, the fact that it is such inferior tribunal makes it necessary that the record of its proceedings should show such facts as to give it jurisdiction. State ex rel. v. Wilson, 99 Mo. App. 680; State ex rel. v. County Court, 66 Mo. App. 96.

*A. D. Gresham* and *Guy B. Park* for defendants in error.

(1) The award of the arbitrators and papers attached thereto are valid upon their face and fully meet the requirements of the law. This case is almost identical with State ex rel. v. Andrae, which seems to have been the guide for the county commissioner and board.

State ex rel. v. Andrae, 216 Mo. 617. The only difference in the two cases is that in the Andrae case a record was kept of the oath of the arbitrators; in the case at bar, a record was kept of the appointment of the arbitrators. Both show the necessary qualifications of the members of the board. Ibid. 635. (2) The county commissioner is a member of the board and his record of appointment, stating the qualifications of the arbitrators, is as much a part of the records of the board as is the finding. Sec. 9742, R. S. 1899. "He shall appoint four disinterested men, resident taxpayers of the county, who, together with himself, shall constitute a board of arbitration," etc. The Court in State ex rel. v. Wilson, 99 Mo. App. 675, recognized the record of appointment of board by the commissioner as a part of the record of the board. It was because the commissioner's record was defective that the court held the arbitrators had no jurisdiction. (3) None of the cases cited by plaintiff in error are similar in their facts to the case at hand. In none of them is the action of the commissioner of record or was it included in the return. In them it nowhere appears that the arbitrators possessed the necessary qualifications. (4) In cases of this kind, the court should not look for a strict and technical compliance with the statute. State ex rel. v. Job, 205 Mo. 34; State ex rel. v. Town of Westport, 116 Mo. 595.

JOHNSON, J.—This action originated in the circuit court of Platte county by writ of certiorari sued out by relator, School District No. 18, of that county. The proceedings which evoked the action relate to a proposed change of boundary between school districts numbered 17 and 18, by which one thousand acres of territory would be detached from the first named district and added to its neighbor's territory. Pursuant to the provisions of section 9742, Revised Statutes

1899 (now section 10837, Revised Statutes 1909), a petition for the change was filed, notices were posted and the question was voted on in both districts at the annual school meeting in April, 1909. District No. 17 voted in favor of the change and No. 18 against it. An appeal was made to the county school commissioner as directed by the statute (sec. 9742.) He appointed four commissioners who rendered the following decision in favor of the change:

"We, the board of arbitration, met on April 19, 1909 and heard and considered necessity for change of boundary lines between school districts 18 and 17. Our decision is in favor of the petition as prayed for at the annual meeting (which petition is made part of this decision) and that such change is necessary and not merely for the acquisition of territory.

"T. M. BAUGHMAN,
"J. C. HATTON,
"C. H. SETTLE,
"CHARLES McCAFFERY.

"I, J. F. Sexton, county superintendent, being present at the hearing of the above matter by the above board appointed by me. The majority of the above board, after hearing the evidence, being in favor of the proposed change, it is unnecessary for me to cast a vote. J. F. SEXTON."

This decision was transmitted to the clerks of the respective districts and its sufficiency is the sole ground of the attack made on the proceedings both in the circuit court and here. Relator's objection thus is stated in its brief:

"The award or judgment of the arbitrators is void upon its face, and shows that said board was not legally constituted, and had no jurisdiction to hear said alleged appeal. It nowhere appears in the award that the said arbitrators are 'disinterested men and resident taxpayers' of Platte county, and this fact cannot be shown by any other paper or exhibit filed

in the case, as they constitute no part of the record, and to permit any such evidence in support of the award would be to form an issue foreign to the objects to be attained by certiorari.''

The return filed by respondents to the writ disclosed that record was kept of all the proceedings and that in the record of the school superintendent was the following entry:

''The record of the appointment of the board of arbitration by the school commissioner.

''In the matter of the appeal of school district No. 17 and citizens thereof from action of annual meetings of said district No. 17 and district No. 18 on question of changing boundary line between said districts.

''Appeal filed with me April 10, 1909. On April 19, 1909 I appointed T. M. Baughman, C. H. Settle, J. C. Hatton and Charles McCaffery, four disinterested men, resident taxpaying citizens of Platte county, Missouri, as together with me a board of arbitration to meet at the courthouse in Platte City, Missouri, and consider the necessity for such proposed change and render a decision thereon, said board met with me as above on April 19, 1909, and hearing of question was had and decision rendered. Said decision was transmitted by me to the respective clerks of districts No. 17 and No. 18, prior to April 30, 1909.

''J. F. SEXTON, School Com.''

Relators filed a motion for judgment on the return on the principal ground that ''it does not appear upon the face of said award and finding of said alleged arbitrators that they were disinterested men and resident taxpayers of Platte county.''

The cause was submitted to the court on the return and the motion for judgment, and the court adjudged the return sufficient and quashed the writ of certiorari. In due course relator brought the case to this court on writ of error.

Relator is right in the contention that the writ of certiorari brings up nothing for review but the record of the tribunal to which it is directed and that the evidence taken in the proceeding cannot be considered though it be included in the return. This rule is well established by the authorities cited in relator's brief and we pass to the question of whether or not in cases of this character any other record than that of the award of the arbitrators may be considered as rightly belonging to the record proper.

The statute requires no other record to be kept than that of the award of the arbitrators. Because of this omission the Supreme Court in School District v. Hodgin, 180 Mo. l. c. 79, and the St. Louis Court of Appeals in School District v. Pace, 113 Mo. App. l. c. 140, regarded the record of the award as the only legal record in such proceedings. In the late case of State ex rel. v. Andrae, 216 Mo. 617, the Supreme Court still adhered to this rule, but held that inasmuch as the law required the superintendent to keep no record it would be presumed in a certiorari case, in the absence of a showing to the contrary, that he had followed the law. The court said:

"If, as appears to be the law, the superintendent is required to keep no records of his proceedings, then the absence of a record as to the filing of the petition for appeal within five days is not fatal, because this official is presumed to have followed the law, and would not have proceeded with the case unless such petition had been filed within time."

In that case the award of the arbitrators contained no statement that they were "disinterested men and resident taxpayers of the county." That statement appears in an oath taken by the arbitrators and referred to in the award, but the statute does not require an oath, nor did the Supreme Court regard the one taken in that case as technically a part of the record. The court said: "The written decision of

the arbitrators, when taken in connection with the other document therein referred to and on file with the board of arbitrators is valid upon its face and fully meets the requirements of the law.''

So we think in the case in hand the requirements of the law appear on the face of the record to have been substantially met. While the records of the superintendent showing the qualification of the arbitrators was one not required by law to be kept, it, at least, does not contravert the presumption of right acting on the part of the superintendent. If we are ignoring the rule that jurisdictional facts in cases of this nature must affirmatively appear on the face of the record, our justification is in the Supreme Court decision we have just reviewed. We cheerfully follow that decision and applaud the view therein expressed that in school matters where the proceedings are conducted by plain men, unlearned in the law, it would be absurd and most unjust to require technical exactness. A substantial compliance with the law is all that is necessary. The judgment is affirmed. All concur.