STATE EX REL. W. B. HANNA ET AL., RELATORS, v. CHARLES G. ROSS, ET AL., RESPONDENTS.*

In the Springfield Court of Appeals. Opinion filed August 31, 1926.

1.—Schools and School Districts—Consolidated School District—Act of Superintendent in Formation—Certiorari. Since power conferred by section 11259, Revised Statues 1919, as amended by Laws 1921, p. 654, on county superintendent of schools to determine and locate boundaries of proposed consolidated school district requires action of superintendent in a judicial or quasi-judicial capacity, certiorari will lie to review such acts.

2.—Same—Consolidated School Districts. Under section 11259, Revised Statutes 1919, as amended by Laws 1921, p. 654, if proposed consolidated school district contains two hundred or more children of school age territory of district may be less than fifty square miles.

3.—Evidence—Consolidated School Districts—County Superintendent Presumed to Have Performed Requirements of Statute in Formation of District. County superintendent of schools is presumed to be familier with and to have compiled with, requirements of section 11140, Revised Statutes 1919, and section 11259, as amended by Acts 1921, p. 654, that proposed consolidated distirct contain fifty square miles or two hundred or more children of school age, and that no town or city school district containing five hundred or more children be included therein.

4.—Schools and School Districts—Consolidated School Districts. Under section 11259, Revised Statutes 1919, as amended by Laws 1921, p. 654, county superintendent in filing plat of proposed consolidated school district is not required to make findings of fact.

5.—Same—Same—Reviewing Record of Formation—Certiorari. Where record in organization of consolidated school district contains all matters required by the statute, section 11259, Revised Statutes of 1919, as amended by Acts 1921, p. 654, and all matter shown are in legal form, organization of the district cannot be annulled in certiorari proceedings.

*Corpus Juris-Cyc References: Evidence, 22CJ, p. 139, n. 46; p. 148, n. 67; Schools and School Districts, 35Cyc, p. 837; n. 2, 5 New; p. 843, n. 30; p. 850, n. 94.

*Certiorari.*

WRIT QUASHED.

*Von Mayes* for relators.

(1) The conditions providing that no consolidated district shall be formed unless it contains an area of fifty square miles, or has an enumeration of at least two hundred children of school age are jurisdictional, so that, if they are not complied with, an incorporation of a district is a nullity. State v. Clardy, 267 Mo. 371; Section 11258, Session Laws, 1925, p. 331. (2) A consolidated school district cannot be formed so as to include within it a city or town school district which contains, at the time, five hundred or more children of school age. State v. Scott, 270 S. W. 382; Section 11258, Session Laws, 1925, p. 331. (3) The petition to consolidate school districts must contain all necessary averment, that is, all jurisdictional facts must be alleged, or such facts must appear somewhere in the record of the proceedings or the file papers. State v. Juden, 274 S. W. 498; 20 Corpus Juris, p. 95; State v. Cauthorn, 40 Mo. App. 94; Dorroh v. Jones, 247 S. W. 460. (4) Where a public officer acts without jurisdiction or exceeds his jurisdiction, *certiorari* is the proper remedy. State v. Johnson, 121 S. W. 782-783; State v. Morrison, 201 S. W. 910.

*Ward & Reeves* for respondent.

(1) (a) The superintendent of schools of Pemiscot county, in fixing and determining the boundaries of the proposed consolidated school district, and in ascertaining the enumeration of the children of school age in the proposed consolidated school district, and in Districts Nos. 28, 32, 33 and 34, constituting such Consolidated School District, acted not in a judicial but in a legislative or administrative capacity, and as a mere legislative agent; and the action of the superintendent of schools in that behalf was not judicial, nor *quasi*-judicial, but was legislative or administrative in character and cannot be reviewed in this proceeding by *certiorari*. State v. Dawson, 225 S. W. (Mo. Sup.) 97; State ex rel. v. County Court, 237 Mo. 460; State ex rel. v. Harrison, 141 Mo. 12; In the matter of Saline County et al., 45 Mo. 52. (b) The consolidated district is not created by the signers of the petition, nor by the voters, nor yet by any action of a court or tribunal with the ordinary attributes of a court, but "the creation of the district itself," is left to the discretion of the county superintendent, subject to an approval vote of the people; and this

exercise of authority in creating the district is delegated legislative authority and not judicial authority. State ex rel. v. Wright, 270 Mo. 387; School Dist. v. School Dist., 181 Mo. App. 589-593; State ex rel. v. Andrae, 216 Mo. 617; State v. Scott, 264 S. W. 372, 304 Mo. 664; State ex rel. v. Brooks et al., 249 S. W. (Mo. Sup.) 73; State ex rel. v. Schuster, 227 S. W. (Mo. Sup.) 60; State ex rel. v. Glaves, 268 Mo. 100; State v. Stouffer, 197 S. W. (Mo. Sup.) 248. (2) If this court be of the opinion that *certiorari* is a proper way to review the proceedings complained of, we yet maintain that the proceedings were good under the statute. (a) Section 11258, Revised Statutes 1919, as amended and found at page 331 of the Session Laws of Missouri of 1925, does not set forth by implication or otherwise the nature of the proceedings to form a consolidated school district. The procedural requirements are specifically set forth in section 11259. Every requirement as to the petition, notices, plats, and record of the school meeting, as required by that section, were literally complied with. No other requirement or condition is necessary to be shown on the face of the proceedings. State ex rel. v. Harrison, 141 Mo. 21; School Dist. v. Pace et al., 113 Mo. App. 134; State ex inf. v. Clardy, 267 Mo. 383-85. (b) Forms for the petition and for the notice of special school meeting are set forth on page 101 of the Revised School Laws of 1923, published according to law by Chas. A. Lee, State Superintendent of Public Schools. These forms were literally copied and followed in the case at bar. Such forms, when prescribed as required by this section, have great weight with the courts in determining the true meaning of the law. There are hundreds of thousands of dollars of bonded indebtedness incurred by consolidated school districts in this State, and which were organized exactly as the district here was organized. Section 11334, R. S. 1919; State ex rel. v. Job, 205 Mo. 1. (c) In a *certiorari* proceeding a petition exactly like the one in the case at bar was held to be good by the Kansas City Court of Appeals. In that case the question of the right of review by *certiorari* was not raised or passed upon; but the petition quoted in the opinion is in the same form as the one at bar. State ex rel. v. Sims et al., 201 S. W. (Mo. App). 910. Our Supreme Court has in effect held (in *quo warranto* proceedings) that a petition substantially in the same form with the one in this case, but omitting the alleged necessary allegations now urged by relators, is sufficient. State ex inf. v. Clardy, 267 Mo. 371; State ex rel. v. Stauffer et al., 197 S. W. (Mo. Sup.) 248. (d) It is neither necessary for the proceedings to form the consolidated district, nor the evidence, to show that the district does not contain a town or city district having an enumeration of five hundred children of school age. State ex inf. v. Clardy, 267 Mo. 371; State ex rel. v. Stauffer, 197 S. W. (Mo. Sup.) 248. (e) The signers of the petition are not required to be

voters of any particular district, and they may all reside in one district; all that is necessary is that the signers be qualified voters of the community, the resident citizens of which desire to form a consolidated district. Nor is it necessary to even mention in the petition all the districts to be affected by the consolidation. State ex inf. v. Jones, 266 Mo. 196; State v. Scott, 264 S. W. (Mo. Sup.) 372, 304 Mo. 664; State ex rel. v. Sims, 201 S. W. (Mo. App.) 910. (f) The boundaries of the proposed district are not required to be stated in the petition, and districts or parts of districts not named in the petition may be included within the boundary of the consolidated district as finally located and laid out by the county superintendent. State ex inf. v. Jones, 266 Mo. 197. The signers of the petition do not create the district; nor do the voters. No court or any tribunal with the ordinary attributes of a court pass upon any questions arising during the course of the proceedings. The creation of the district is by the county superintendent, subject only to an approval vote of the people. The county superintendent is the agent in this matter of the Legislature of the State, and in no instance in the progress of the proceedings can it be said that the superintendent acts judicially, but his acts are rather administrative or legislative, or both. Ordinary rules of pleadings and procedure in courts therefore have no application. State ex rel. v. Wright, 270 Mo. 387; School Dist. v. School Dist., 181 Mo. App. 589-593; State ex rel. v. Andrae, 216 Mo. 617; State v. Scott, 264 S. W. (Mo. Sup.) 372; State ex rel. v. Brooks, 249 S. W. (Mo. Sup.) 73; State ex rel. v. Schuster, 227 S. W. (Mo. Sup.) 60; State ex rel. v. Glaves, 268 Mo. 100. (g) The proceedings by which a consolidated school district is formed as contemplated by the statute, are to be initiated and carried out by plain citizens, without the aid of men learned in the law. And technical niceties with respect to such proceedings are not required. School Dist. v. School Dist., 181 Mo. App. 589; Hudgins v. School Dist., 278 S. W. (Mo. Sup.) 771; State ex rel. v. Sims, 201 S. W. (Mo. App.) 910; State ex inf. v. Bird, 295 Mo. 352; State ex rel. v. Glaves, 268 Mo. 100. (h) Mere technical errors and omissions in the proceedings and steps taken in the formation of a school district will not invalidate the organization. Only substantial compliance with the statute is necessary. State ex inf. v. Thompson, et al., 260 S. W. (Mo. Sup.) 84; State ex rel. v. Stauffer, 197 S. W. (Mo. Sup.) 248; State ex rel. v. Bird, 295 Mo. 344; State ex Inf. v. Jones, 266 Mo. 191; State ex rel. v. School Dist., 238 S. W. (Mo. App.) 819; State ex rel. v. Job, 205 Mo. 34.

COX, P. J.—The purpose of this proceeding is to test the validity of the organization of Consolidated School District No. 8 in Pemiscot county. The papers on file in the office of the clerk of the county

court and with the county superintendent of schools relating to the formation of this district have been certified to us and are conceded to be in proper form as far as they go. The statute which provides for the organization of consolidated school districts, to-wit, section 11259, Revised Statutes 1919, as amended in 1921, Acts 1921, page 654, provides the steps which shall be taken to form such a school district. As far as necessary to notice them here, they are as follows: The first step is to be taken by twenty-five or more qualified voters residing in a community where it is desired to have such a school district established filing a petition for that purpose with the county superintendent of public schools. It then becomes the duty of the county superintendent to visit the community and investigate its needs and determine the exact boundaries of the proposed district. In doing this he is required to have due regard to the welfare of adjoining districts. He then calls a meeting of the qualified voters residing in the territory embraced in the proposed district. He shall post notices of this meeting and shall also make plats of the proposed district and post them. He shall take or send a plat to the voters' meeting. He shall attend the meeting and call it to order or deputize some one to do so. The voters then elect a chairman and secretary and ballot on the question. If a majority of the votes are cast in favor of the formation of the district, they shall then proceed under another section of the statute to elect directors. The county superintendent of schools shall file with the county clerk a copy of the petition received by him and a plat of the district. The chairman and secretary of the voters' meeting shall certify the proceedings of that meeting to the county clerk and to the county superintendent of schools. It is conceded that all this was done. The statute makes no requirement that anything else shall be filed with the county clerk.

It is contended by respondents that the acts of the county superintendent respecting the location of the boundary lines, etc., of the proposed consolidated district were ministerial and not judicial or *quasi*-judicial, and that, therefore, *certiorari* will not lie. This point has been specifically ruled in a recent opinion by the Supreme Court in State ex rel. Fry v. Lee, 284 S. W. 129 l. c. 134, which opinion was published in the Advance Sheets of the Southwestern Reporter July 21, 1926. That cause was in mandamus, but the same statutes were involved as are here involved, and the character of the act of the county superintendent was there in question the same as here. The ruling was that the county superintendent acted in a judicial or *quasi*-judicial capacity. Such being the case *certiorari* will lie. [State ex rel. Turner v. Penman et al., 282 S. W. (Mo. App.) 498.]

The objections to the sufficiency of the record in this case are based upon the fact that there is an absense of any showing that the district contains an area of fifty square miles or an enumeration of at

least two hundred children of school age and that it does not contain within its territory a town or city district which had, by the last enumeration, five hundred children of school age. These provisions are found in section 11258, Revised Statutes 1919, as repealed and reenacted in 1925 and is found in Acts 1925, page 331. This statute is as follows:

"No consolidated district shall be formed under the provisions of this article unless it contains an area of fifty square miles or has an enumeration of at least two hundred children of school age: Provided, that no district formed under the provisions of this act shall include within its territory any town or city district that at the time of the formation of such consolidated district has by the last enumeration five hundred children of school age."

The plat filed with the county clerk by the county superintendent of schools is sectionized and a computation of the territory included shows less than fifty square miles. That plat is required by the statute to be filed with the county clerk and therefore becomes a part of the record of the formation of the district. That plat shows that the territory included is not sufficient to authorize the formation of this district if the authority rested on territory alone, but it does not. The statute requires fifty square miles of territory or an enumeration of at least two hundred children of school age. If an enumeration of two hundred children of school age is shown then the territory may be less than fifty square miles. Section 11140, Revised Statutes 1919, requires an enumeration of children of school age to be made each year between April 30th and May 15, except in cities of more than 50,000 population. These enumeration lists are required to be filed with the county clerk.. When filed they become a part of the record and are, in the absence of fraud, the only legitimate evidence of the enumeration of the districts and become a part of the record to be considered in a proceeding of this kind.

In the return to our writ in this case the county clerk and county superintendent of schools certified that the consolidated district is composed of school districts numbers 28, 32, 33, and 34 and then give the number of children of school age in those districts as shown by the enumeration lists in those districts filed with the county clerk May 15, 1925. These are as follows:

School District No. 32 (being the Steele,) Missouri, Town
    District ...................................... 421
    District No. 28 ................................ 162
    District No. 33 ................................ 228
    District No. 34 ................................ 168

It will be seen that these enumeration lists show more than two hundred children of school age and also show no district included

in the consolidated district contains an enumeration of five hundred. If these enumeration lists are properly held to constitute a part of the record to be considered in determining the legality of the formation of this consolidated district, then every objection made by relators is met.

The school law does not seem to require a complete record of all the proceedings leading up to the formation of a consolidated school district to be made. In the first instance all that is required to start the legal machine in motion is for twenty-five qualified voters residing in a community where it may be desired to form a consolidated school district to file with the county superintendent of schools a petition for that purpose. The statute makes no provision as to what this petition shall contain. The only purpose of the petition, as far as disclosed by the statute, seems to be to call the attention of the county superintendent of schools to the fact that at least twenty-five qualified voters in the community where the petitioners reside desire the formation of a consolidated school district in that community. It is then made the duty of the county superintendent of schools to visit the community and decide the question whether a consolidated school district should be formed in that community. If he decides that the matter is of sufficient importance to justify the calling of an election to determine the question, he then fixes the boundaries and makes a plat of the proposed consolidated district and prepares and posts notices of an election to be held at a designated time and place within the territory of the proposed district. At this election the voters decide by their ballots whether or not they will form a consolidated school district embracing the territory as shown by the plat prepared by the county superintendent of schools. If the proposition carries they then organize by the election of directors. The county superintendent of schools is not required to make a finding of facts nor file a report of his action with the county clerk. If he calls the election and posts the notices thereof and also posts plats of the proposed district as the statute requires, that action on his part is the evidence of his decision in the matter. The only record of his action requries to be made is found in the provision requiring him to file a copy of the petition filed with him by the twenty-five qualified voters and a plat of the district with the county clerk. The statute does not, in terms, require a copy of the notice of election to be filed with the county clerk but that should be done and was done in this instance.

We take it that it will be presumed that the county superintendent of schools was familiar with the provisions of the law which would forbid him preparing and filing a plat of a proposed district that contained less than fifty square miles of territory and also contained an enumeration of school children of less than two hundred. He

would therefore be presumed to have ascertained the facts as to those questions before he fixed the boundaries of the district and prepared a plat of it, and if he prepared a plat showing less than fifty square miles of territory as he did in this instance, it should be presumed that he examined the enumeration lists on file with the county clerk and ascertained that the proposed district as he had platted it contained an enumeration of children of school age of at least two hundred. He should also be presumed to have ascertained that no town or city school district with an enumeration of five hundred or more was included in the proposed consolidated district. Since the statute makes no requirement that the county superintendent of schools shall make and file a finding of the facts which will show that the formation of a consolidated school district as platted by him was authorized under the law, it is but fair to presume that he knew and obeyed the law and if everything which the statutes provide shall be filed, is filed, it would seem but fair to indulge the presumption that the Legislature did not deem it necessary that any further record should be made and we therefore hold that it was not necessary for the superintendent of schools to make a finding of facts and include therein anything which the statute does not require him to include in the provision as to what shall be filed with the county clerk by him. Since the record to be considered by us in this case, which consists of the petition of qualified voters filed with the county superintendent of schools, the plat of the district prepared by him and the proceedings of the election which was called by him are all that is required by the statute to be made and it being conceded that these are all in legal form, the organization of this consolidated school district cannot be annulled in this proceeding where we can consider nothing except what appears in the record. If anything is to be considered which is not required to be made a matter of record it must be done in some other form of action. We find that the record in the formation of this district complies with the statute in so far as that statute requires that a record be made and hence it cannot be quashed in this proceeding.

Relators have filed a motion to strike out part of the return in this case; also a motion for judgment on the return, both of which will be overruled.

From what we have said it results that the record attacked in this proceeding should be permitted to stand and the writ of *certiorari* issued by us in this case should be quashed. It is so ordered. *Bradley,* and *Bailey, JJ.,* concur.