**STATE ex rel. REORGANIZED SCHOOL DISTRICT R-2 OF NEWTON COUNTY, Missouri, Relator,**

v.

**C. M. ROBINSON, County Superintendent of Schools, and C. M. Robinson, Russell Bogle, Lawton Lawson, James P. Austin and Clifford Kirk, as Board of Arbitrators, Respondents.**

No. 7301.

Springfield Court of Appeals.

Missouri.

Feb. 15, 1955.

Rehearing Denied March 14, 1955.

Wayne V. Slankard, Neosho, for relator.

John M. Rice, George Henry, Neosho, for respondents.

STONE, Judge.

In this proceeding in certiorari, the county superintendent of schools of Newton County and members of a board of arbitration appointed under Section 165.170 (applicable in the instant situation by virtue of Section 165.293), who were respondents below and are hereinafter referred to as such, appeal from a judgment of the circuit court which quashed "the judgment record" of said board of arbitration changing the boundary line between Reorganized School District No. R–2 (relator below and hereinafter referred to either as "relator" or as "the Midway District"), and Consolidated School District No. C–1 (hereinafter referred to as "the Fairview District"). (Unless otherwise specifically stated, all statutory references herein are to RSMo 1949, V.A.M.S.) At their annual school meetings in April, 1953, the Fairview District voted in favor of the proposed change of boundary line but the Midway District voted against such change. Upon appeal by the Fairview District, the county superintendent of schools appointed a board of arbitration which, on April 21, 1953, met in the office of the county superintendent and rendered a signed "report", the pertinent portion of which was that "after careful consideration of the question of the matter of changing the boundary so that the district commonly known as Linwood—Sections 22, 23, 26, 27, 34 and 35, Township 25, Range 29—would be attached to the Fairview School District C–1 and detached from the Midway School District R–2, the board voted three for the change and one against the change."

■■ Certiorari presents only questions of law on the record brought up by the return and does not permit consideration of issues of fact [State ex rel. Police Retirement System of City of St. Louis v. Murphy, 359 Mo. 854, 224 S.W.2d 68, 73 (12)], and evidence and exhibits, even though incorporated in the return, may not be considered unless they are properly a part of the record [State ex rel. St. Louis Union Trust Co. v. Neaf, 346 Mo. 86, 139 S.W.2d 958, 962–963 (8, 9)]. The chief pur-

pose of certiorari being to confine an inferior tribunal within its jurisdictional limits [State ex rel. Police Retirement System of City of St. Louis v. Murphy, supra, 224 S.W.2d loc.cit. 73(11); State ex rel. St. Louis Union Trust Co. v. Neaf, supra, 139 S.W.2d loc.cit. 961(2)], the writ affords relief not only where the inferior tribunal is without jurisdiction but also where such tribunal abuses or acts in excess of its rightful jurisdiction [State ex rel. Woodmansee v. Ridge, 343 Mo. 702, 123 S.W.2d 20, 23(3)].

 Although a board of arbitration appointed under Section 165.170 is not a court in a constitutional sense [Const. of 1945, Art. 5, Sec. 1, 2, V.A.M.S.; School Dist. No. 16 v. New London School Dist., 181 Mo.App. 583, 164 S.W. 688, 690(2); State ex rel. Keitel v. Harris, 353 Mo. 1043, 186 S.W.2d 31, 33(2)], the reported opinions reflect frequent references to such board as "a judicial tribunal" [State ex rel. School Dist. No. 1 v. Denny, 94 Mo.App. 559, 72 S.W. 467, 468] or as an "inferior tribunal" [State ex rel. School Dist. No. 1 v. Andrae, 216 Mo. 617, 116 S.W. 561, 562; State ex rel. King v. Moreland, Mo.App., 189 S.W. 602, 604; School Dist. No. 14 v. Sims, 193 Mo.App. 480, 186 S.W. 4, 6; School Dist. No. 2 v. Pace, 113 Mo.App. 134, 87 S.W. 580, 583] or simply as a "tribunal" [School Dist. No. 58 of Pike County v. Chappel, 155 Mo.App. 498, 135 S.W. 75, 78, 79]. We are told that "(t)here can be no doubt that (the) finding and decision by the board of arbitrators * * * is a judgment" [School Dist. No. 58 of Pike County v. Chappel, supra, 135 S.W. loc.cit. 77], and we find other references to the board's decision as a "judgment" [State ex rel. Rose v. Job, 205 Mo. 1, 103 S.W. 493, 501, 502; State ex inf. Richeson v. Cummins, 114 Mo.App. 93, 89 S.W. 74, 75; State ex rel. School Dist. No. 1 v. Denny, supra, 72 S.W. loc.cit. 469]. It would seem to be clear that determination of a boundary line dispute by a board of arbitration necessarily involves performance of duties judicial or quasi judicial in

nature [State ex rel. and to use of Parman v. Manring, 332 Mo. 235, 58 S.W.2d 269, 273; State ex rel. Hanna v. Ross, 220 Mo. App. 388, 286 S.W. 726, 727(1); In re City of Kinloch, 362 Mo. 434, 242 S.W.2d 59, 63(6)], and that accordingly certiorari, which lies only where the action to be reviewed is judicial or quasi judicial in nature [State ex rel. Davidson v. Caldwell, 310 Mo. 397, 276 S.W. 631, 634(5); State ex rel. Adams v. Crain, Mo.App., 201 S.W. 2d 426, 429(2), and cases there cited], may be employed to review the award or judgment of such board of arbitration [School Dist. No. 14 v. Sims, supra, 186 S.W. loc. cit. 6(4); State ex rel. King v. Moreland, supra, 189 S.W. loc.cit. 604(3)].

 Relator concedes in the instant case "that the procedure leading up to the hearing by the board of arbitration was regular" and thus that the board had jurisdiction to hear and determine the boundary line dispute; but, it is insisted that "the record of the board of arbitration should be quashed because it shows upon its face that the board acted *without and in excess of its authority* granted under the statute (Section 165.170) in that it considered the proposition of changing the boundary line and voted to change the boundary line but did not do the only thing it was required or had a right to do under the statute and that is to *consider the necessity* for the change of boundary." In determining the question here presented, we confine ourselves to the final award or judgment of the board, that being the only record which the county superintendent of schools or the board is *required* to make and keep [School Dist. No. 35 v. Hodgins, 180 Mo. 70, 79 S.W. 148, 151; State ex rel. King v. Moreland, supra, 189 S.W. loc.cit. 604; School Dists. Nos. 18, 19, 29, 30, Webster County v. Yates, 161 Mo.App. 107, 142 S.W. 791, 793; School Dist. No. 58 of Pike County v. Chappel, supra, 135 S.W. loc.cit. 78-79; School District No. 2 v. Pace, supra, 87 S.W. loc.cit. 582; State ex rel. School Dist. No. 1 v. Denny, supra, 72 S.W. loc.cit.

468(2)],[1] and we accord no consideration to an *amended* report by the board which contained an express finding "that the proposed change is necessary" but which admittedly had been "prepared and executed *after* the writ of certiorari had been issued and served." " 'After the certiorari has been served on the inferior tribunal, the latter is powerless to alter its record or decree, even for the purpose of correcting mistakes, unless the record itself furnishes the means of making the correction, or the error is a mistake in the arithmetic of the court.' " State ex rel. Adler v. Ossing, 336 Mo. 386, 79 S.W.2d 255, 256(2). Furthermore, the board of arbitration had *no power* or authority to issue an amended award, as it undertook to do here, after the original award or judgment by the board had been transmitted by the county superintendent to the clerks of the interested districts [Brown & Moore v. Durham, 110 Mo.App. 424, 85 S.W. 120(2); annotation 104 A.L.R. 710], and after "the last day of April" on or before which the county superintendent was required by Section 165.170 so to transmit the board's award to such clerks.

As stated in relator's amended application, the proposition submitted at the annual school meetings was "to change the boundary line between such districts." The Fairview District having voted "in favor of such change" and the Midway District having voted "against such change," Section 165.170 provided that *"the matter"*, i. e., the proposition to change the boundary line, might be referred to the county superintendent, who, upon timely appeal, was invested with the power and the duty to appoint a board of arbitration. We think it plain that "the matter" to be determined and settled by the board was, to use the language of relator's brief, "the proposition of changing the boundary line." Giving

heed to the statutory provision that the board's duty "shall be to consider the necessity for such proposed change and render a decision thereon," obviously "the matter" before the board, i. e., "the proposition of changing the boundary line," was to be determined with a view to, and on the basis of, the necessity for the proposed change. But, in our view of the case, the simple fact that the board's written award or judgment (although showing that the board had acted *"after careful consideration of the question of the matter of changing the boundary"*) contained no specific affirmative finding as to "the necessity for such proposed change" neither establishes nor indicates that the board did not consider and determine the question of necessity and likewise neither impels nor justifies relator's conclusion that such judgment "shows upon its face that the board acted without and in excess of its authority granted under the statute." It should be borne in mind that this is *not* a case in which the judgment under review *affirmatively shows on its face* that the board determined the boundary line dispute on some basis other than necessity (as in State ex rel. School Dist. No. 4 v. School Dist. No. 3, 163 Mo.App. 253, 146 S.W. 816, 817, where the board's judgment was predicated on the belief "that the change will improve school district No. 3 more than it will injure school district No. 4"), but that the instant judgment simply was silent as to the reasons or considerations which motivated the board's determination of the ultimate issue.

It is true that there is no presumption in favor of the *jurisdiction* of an inferior tribunal, such as a board of arbitration under Section 165.170, and that the *jurisdiction* of such tribunal must appear affirmatively on the face of the record. State ex rel. Lane v. Corneli, 351 Mo. 1, 171

---

1. However, we observe that, "in determining whether the proceedings should be quashed or not," the courts nevertheless have considered, even on review by certiorari, "not only the finding of the board of arbitrators, but the papers and documents, including the petition for an appeal on which rested the jurisdiction of such inferior tribunal." State ex rel. King v. Moreland, Mo.App., 189 S.W. 602, 604. See also State ex rel. School Dist. No. 1 v. Andrae, 216 Mo. 617, 116 S.W. 561, and State ex rel. School Dist. No. 18 v. Sexton, 151 Mo.App. 517, 132 S.W. 11, 12–13(2).

S.W.2d 687, 689(2, 3), 690(8). But, as we emphasize, the instant question is *not* one of *jurisdiction* but rather one as to the *exercise of jurisdiction.* "(A)fter a tribunal or officer has been shown to have once acquired jurisdiction, his official acts under such jurisdiction will be presumed to be regular and in the due discharge of his duty. It will not be presumed that he had jurisdiction in the first instance, but after jurisdiction is shown, then the presumption follows in favor of the regularity of his proceedings." School Dists. Nos. 18, 19, 29, 30, Webster County v. Yates, supra, 142 S.W. loc.cit. 793. In Ward v. Consolidated School Dist. No. 136 of Nodaway County, 225 Mo.App. 1139, 16 S.W.2d 598, 599, a suit to enjoin an election on a school bond issue and "to declare invalid a change of boundary lines" in which evidence dehors the record was received, plaintiffs sought to establish that "the chief or only ground alleged before the arbitrators by proponents of the change was their desire to exclude certain voters unfavorable to a bond issue for a new schoolhouse" while defendants offered "counter evidence as to the motives of those who opposed the change." Although the opinion in the Ward case, supra, does not reflect the recitals or findings in the award or judgment of the board of arbitration, we note the significant holding that [16 S.W.2d loc.cit. 600], "in the absence of any record purporting to be a complete transcript of the proceedings before the board of arbitrators, *their findings must be presumed to have been based upon proper grounds and honestly arrived at.*" (Emphasis ours.)

Presumptions of regularity or right acting have been indulged in numerous school cases in which the records have been silent as to matters there under consideration— e. g., the presumption that members of a board of arbitration were "disinterested men, resident taxpayers of the county" [Section 165.170(1)], although the award or judgment of the board contained no affirmative finding to that effect [School Dists. Nos. 18, 19, 29, 30, Webster County v. Yates, supra, 142 S.W. loc.cit. 793(2);

State ex rel. School Dist. No. 18 v. Sexton, 151 Mo.App. 517, 132 S.W. 11, 12–13(2)]; the presumption that, in ordering a change of boundary line, a board of arbitration "did not disregard the statutory inhibition" that "one district shall not encroach upon the other simply for the acquisition of territory" [Section 165.170(2)], although there was an affirmative finding of necessity in the cited case [School Dist. No. 42, Audrain County v. School Dist. No. 45, 212 Mo.App. 670, 254 S.W. 726, 728(1)]; in a proceeding to prohibit a board of arbitration from exercising jurisdiction, the presumption that the board "would perform its duty and not disobey the * * * statute" [School Dist. No. 14 v. Sims, supra, 186 S.W. loc.cit. 6(6)]; the presumption that, although there was no record of an appeal to the county superintendent of schools within the permitted statutory period of five days after the annual school meeting, "this official is presumed to have followed the law, and would not have proceeded with the case unless such petition had been filed within time" [State ex rel. School Dist. No. 1 v. Andrae, supra, 116 S.W. loc.cit. 567(7)]; "the fair presumption * * * that preliminary steps have been complied with when the county superintendent entertains jurisdiction on appeal" [State ex rel. School Dist. No. 34, Lincoln County v. Begeman, 221 Mo.App. 257, 2 S.W.2d 110, 111(2)]; and, the presumptions that, "in the absence of evidence to the contrary," the district clerk had performed his duty to sign and post notices and that, although the minutes did not so show and there was no evidence to that effect, the annual school meeting had commenced at the hour required by statute [State ex inf. Mansur ex rel. Fowler v. McKown, 315 Mo. 1336, 290 S.W. 123, 126(6), 129(13)].

In State ex rel. Ball v. State Board of Health, 325 Mo. 41, 26 S.W.2d 773, a proceeding in certiorari to quash the record of the State Board of Health revoking relator's license to practice medicine, relator contended that the order of revocation was void because it simply revoked his license

without an affirmative finding that he was guilty of the offense charged.[2] But, although the State Board of Health "is merely a governmental agency, exercising ministerial functions" [State ex rel. McAnally v. Goodier, 195 Mo. 551, 93 S.W. 928, 929], "is not in any sense a court" and "does not exercise judicial power" [Horton v. Clark, 316 Mo. 770, 293 S.W. 362, 365(9)], and although the statute authorizing revocation of a license to practice medicine is "highly penal" and therefore must be construed strictly [State ex rel. Johnson v. Clark, 288 Mo. 659, 232 S.W. 1031, 1034(2); State ex rel. Spriggs v. Robinson, 253 Mo. 271, 161 S.W. 1169, 1172(3)], relator's contention in the Ball case, supra, was denied [26 S.W.2d loc.cit. 777] since "it must be presumed that the board obeyed the mandate of the statute and revoked the license because it was satisfied from the evidence heard that relator was guilty of the offense charged against him. The members of the Board of Health are public officers and are presumed, in the absence of a contrary showing, to have performed their duty in accordance with the law."

In State on inf. Gentry v. Toliver, 315 Mo. 737, 287 S.W. 312, an original proceeding in quo warranto[3] to test respondent's right to hold the office of justice of the peace, relator asserted that, since the then governing statute [Section 2689, RS Mo 1919] provided "that the county court shall not appoint more than two additional justices in any township" and since two additional justices had been appointed previously in the same township with respondent, the order appointing respondent was illegal and void. In rejecting that contention, the Supreme Court concluded [287 S.W. loc.cit. 316] that "the act of making the appointment of respondent necessarily involved a finding by the county court that such a state of facts existed as to authorize it to appoint an additional justice of the peace, including the finding that two additional justices of the peace had not already been appointed, or, if they had previously been appointed, that both were not qualified and acting at the time." See and compare also Kelley v. Waymeyer, 356 Mo. 1043, 204 S.W.2d 744, 745(1, 2); Ussery v. Haynes, 344 Mo. 530, 127 S.W.2d 410, 417(11); Pickering v. Templeton, 2 Mo. App. 424, 430–432(5).

■ Our courts have frequently announced and heartily approved the salutary and time-honored principle that school laws will be construed liberally to aid in effectuating their beneficent purpose, and that, since the administration of school matters usually rests in the hands of plain, honest and well-meaning citizens, not learned in the law, substantial rather than technical compliance with statutory provisions and requirements will suffice. State ex rel. Acom v. Hamlet, 363 Mo. 239, 250 S.W.2d 495, 498(4); State ex rel. School Dist. No. 34, Lincoln County v. Begeman, supra, 2 S.W.2d loc.cit. 111(3); School Dists. Nos. 18, 19, 29, 30, Webster County v. Yates, supra, 142 S.W. loc.cit. 794; School Dist. No. 58 of Pike County v. Chappel, supra, 135 S.W. loc.cit. 79; State ex rel. School Dist. No. 18 v. Sexton, supra, 132 S.W. loc. cit. 13. And, in applying this general principle of liberal construction and substantial compliance to the specific question as to what is required of a board of arbitration formed under Section 165.170, it has been said that the statute contemplates only "a mere informal investigation as to the propriety of such change of boundary lines" [State ex rel. School Dist. No. 1 v. Andrae, supra, 116 S.W. loc.cit. 567], and that "the

2. The applicable statute (now Section 334.-100) provided, in part, that "If a majority of the state board of medical examiners are satisfied that the licentiate is guilty of any of the offenses charged, the license shall be revoked for such period of time as may be agreed upon."

3. "Quo warranto, like certiorari, is a direct attack upon the sufficiency of the record

\* \* \*." State ex inf. Mayfield ex rel. Cook v. Dougan, 305 Mo. 383, 264 S.W. 997, 999(4). See also State ex inf. Barrett v. Imhoff, 291 Mo. 603, 238 S.W. 122, 123(3); State on Inf. of Killam v. Colbert, 273 Mo. 198, 201 S.W. 52, 55(4); State ex rel. Major v. Wood, 233 Mo. 357, 135 S.W. 932, 935; State ex rel. Crow v. Flemming, 158 Mo. 558, 59 S.W. 118, 119.

statute neither contemplates nor requires the formal introduction of evidence * * * to the end of revealing that all of the prerequisites essential to changing the boundary line between districts (are) complied with" [School Dist. No. 16 v. New London School Dist., supra, 164 S.W. loc.cit. 691 (3)]. To the same effect, see also State ex rel. Rose v. Job, supra, 103 S.W. loc.cit. 502.

Where, as here, the award or judgment shows that the board met and acted "after careful consideration of the question of the matter of changing the boundary" and there is nothing to "controvert the presumption of right acting" [State ex rel. School Dist. No. 18 v. Sexton, supra, 132 S.W. loc.cit. 13], we are unwilling, in determining upon certiorari the legal sufficiency of such judgment, to demand compliance with more precise and meticulous standards and to impose more rigorous and severe requirements than have our courts over the years in appraising the conduct of such boards prior to judgment and in measuring the legal adequacy of official action in school matters generally. "The letter killeth, but the spirit giveth life." 2 Cor. 3.6; State ex inf. Mansur ex rel. Fowler v. McKown, supra, 290 S.W. loc.cit. 129. As was said fifty years ago in School District No. 2 v. Pace, supra, 87 S.W. loc.cit. 582, "if the certificate (judgment) of the arbitrators is not absolutely void on its face, or so indefinite and uncertain as not to show jurisdiction of the board, it will stand the test of a review on writ of certiorari." Believing that, with the jurisdiction of the board here conceded, the presumption of regularity and right acting should be indulged in the absence of any indication to the contrary, and being unable to say, from the face of the record before us, that the board acted without and in excess of its jurisdiction [State ex rel. St. Louis Union Trust Co. v. Neaf, supra, 139 S.W.2d loc.cit. 965(15)], we are of the opinion that the judgment of the circuit court should be reversed and the cause remanded with directions to enter judgment quashing the writ of certiorari. It is so ordered.

McDOWELL, P. J., concurs.

RUARK, J., not sitting.